Powell v. Gray.

## POWELL v. GRAY.

1. Where several suits have been brought between the same parties, which might have been comprised in one writ, it is the duty of the Court, on motion of either party, to order a consolidation of the suits, on the payment, by the party making the motion, of all the costs which have then accrued except in one suit, unless the defences to the actions thus proposed to be consolidated, are different.

2. But a motion to consolidate is addressed to the discretion of the Court, and cannot be revised on error. *Quere*—Whether a *mandamus* would lie in such a case ?

3. Trials of right of property, commenced before a Justice of the Peace, and carried by appeal, to the Circuit Court, cannot be consolidated.

4. On trials of right of property commenced before a Justice of the Peace, no bond is necessary to be given by the claimant.

Error to the Circuit Court of

THIS was an appeal to the Circuit Court from the judgment of a Justice of the Peace, on a trial of the right of property, there being thirty-six other cases of the same description taken up by the plaintiff in error, who was also the plaintiff in the execution, the claimant having succeeded before the Justice of the Peace. The claimant also succeeded in the Circuit Court, and judgment was rendered in his favor against the plaintiff in execution and his sureties to the appeal bond.

On the trial in the Circuit Court, a bill of exceptions was taken, which discloses that the plaintiff moved the Court to dismiss the claim, on account of the bond given by the claimant for the trial of the right of property before the Justice, because the condition of the bond did not comply with the requisitions of the statute, which the Court refused.

The plaintiff in error, also moved the Court to consolidate the thirty-seven actions, which motion the Court refused.

The matters of law arising out of the bill of exceptions, are now assigned for error.

Powell v. Gray.

PRYOR, for the plaintiff in error—cited Aikin's Dig. 167, 169, 170, 54, 40: 5 Cowen, 282: 18 Eng. Com. Law 210, note: 4 Halsted 335: 3 Windell 441: 2 Term. Rep. 639.

POPE, contra—3 Stewart 314; Minor's Rep. 407: 2 Stewart 505: 2 Stewart & Porter 82: Aikin's Dig. 260, 170.

ORMOND, J.—The objection made to the bond given by the claimant, for the trial of the right of property is, that the condition of the bond was to return the property levied on, within twenty days after trial, instead of being conditioned for the forthcoming of the property generally.

The answer to this objection, is that there is no law requiring any bond to be given by the claimant who desires to try the right of property before a Justice of the Peace. It is admitted there is no statutory requirement, in express terms; but it is insisted that the necessary inference from all the statutes, regulating this proceeding, is, that in cases like the present, the claimant should execute a bond, as the only condition on which he can be allowed to try the right of property.

This proceeding is created, and the rules by which it is governed are regulated entirely by statute. In cases over fifty dollars, a bond is required from the claimants, whilst in cases before a Justice of the Peace, no bond is required, as a condition precedent to the exercise of this right. This is probably a *casus omissus,* as the same reason would seem to exist in the one case as in the other, for requiring a bond. Be that as it may, this Court cannot impose a condition to the exercise of this right, which the legislature have not thought proper or have omitted to require. To do so would not be to expound the law, but to legislate.

The statutes referred to, which relate to delivery bonds, given for the forthcoming of property levied on by execution, have not as we conceive, any application to this subject.

The plaintiff in error, also moved the Court to consolidate the thirty-seven suits brought in the Justice's Court, and carried by appeal to the Circuit Court, which the Court refused.

The rule in England seems to be, on motion of the defendant, to order a consolidation of suits brought at the same time, between the same parties, when the causes of action might be comprised in the same declaration: (Cecil v. Briggs; 2 Term. Rep. 639.) In New York, the order to consolidate, will not be made, unless the causes of action accrued at the same time: Thompson v. Sheppard.

In these cases, the costs are said to be enormous; and stated by counsel, at from seven to ten thousand dollars; but that is the result of the plaintiff's own conduct: first, in splitting up his demands into so many actions, and prosecuting appeals in each case. All courts feel a strong desire to prevent the accumulation of costs and the bringing of oppressive suits; and it is to further this object, that the rule has been adopted. In ordinary cases, when the actions might have been comprised in the same writ, it is doubtless the duty of the Court, on motion of either party, on the payment of the costs which have then accrued, to order a consolidation, unless the opposite party shew that the same defence does not apply in all the cases.

But these are appeals from a Justice of the Peace, and several bonds were given for the prosecution of the appeal to the Circuit Court: It would be going too great a length to say that these thirty-seven bonds could be consolidated; and yet unless this could be done, a judgment could not be rendered against the sureties to the appeal bonds. It is too clear for argument that this could not be done, if the sureties to all the bonds were the same; and they might be different in each case.

We have not adverted to the effect of a consolidation, on the delivery or claim bond, as it is called, as we have held that the statute requires no such bond. But considering the bonds thus voluntarily executed, as good at common law, it may well admit of doubt, whether that circumstance alone would not have interposed a sufficient obstacle to the consolidation of these cases. These motions are usually made by defendants, but in a case proper for an order for consolidation, on motion of the plaintiff, we cannot perceive how the decision of the Court refusing per-

mission could be reviewed in this Court, as there would not, for that cause be any error in the final judgment. Perhaps a *mandamus* might lie in such a case, commanding the Court to permit the plaintiff to consolidate, on the payment of all the costs but in one case, unless the defendant had several defences to make, as such a proceeding cannot in any conceivable case, prejudice the defendant, and such refusal would seem to be an wrong exercise of discretion in the Court.

Our conclusion therefore is, that a motion to consolidate, is addressed to the discretion of the Court; that a refusal to consolidate, cannot be reviewed on error; and that in this case the discretion was properly exercised. The judgment of the Court is therefore affirmed.