# Gunter, *et al., v.* Belser, *et al.*

### *Injunction.*

(Decided Jan. 21, 1908. 45 South. 582.)

*Judgment; Certificate of; Registration; Sufficiency.*—The fact that a certificate of judgment, in one instance, used the name Evans, instead of Evans Hinson, as one of the owners thereof, did not render such certificate insufficient to create a lien when properly recorded; especially, where the same certificate in several other places used the name Evans Hinson and he was the only Evans mentioned therein.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by W. A. Gunter and others against S. S. Belser and others. From a decree sustaining a demurrer to the bill, complainants appeal. Affirmed.

GUNTER & GUNTER, for appellants. Neither of the requirements of the statute were complied with. In the first place the certificate was recorded in the index as to the parties, as the case of *Edwin Kirk May, et al. v. Evans Hinson, et al.* In the next place the recorded certificate does not comply with the express requirements of the statute.—*Duncan v. Ashcraft,* 121 Ala. 552. In re-

cording certificates of judgment facts must not be left in inference. One presumption cannot be based upon another presumption.—16 Cyc. 1051, and note G.

H. S. HOUGHTON, for appellee. The error in the certificate was a clerical self correcting error.—*Patterson v. Burnett,* 6 Ala. 844; *Blackmon v. Moore-Handley Co.,* 106 Ala. 458; *Birdeshaw v. Comer,* 108 Ala. 617.

DENSON, J.—In a suit in the chancery court of Lowndes county, in which Edwin Kirk May, Ruth May, and Joseph May, by their next friend, Mrs. M. R. May, were complainants, and Evans Hinson individually, Evans Hinson as the executor of the estate of Jane E. Evans, deceased, Martha E. Hinson individually, Martha E. Hinson as the executrix of the estate of Joseph L. Hinson, deceased, Mary Hinson Coleman, Mattie Hinson, Hulda Hinson, Joseph L. Hinson, Jr., Sallie Belle Hinson, Serena Hinson, J. R. Hinson, W. L. Shanks, J. A. Favor, James Scarborough, J. M. Garrett, Laura B. Jones, and T. L. Coleman were defendants, a decree was rendered on the 28th day of January, 1902, in favor of Martha E. Hinson and Evans Hinson against their codefendant Laura B. Jones for the sum of $800. Laura B. Jones owned real estate in Montgomery county, and on the 6th day of June, 1902, a certificate of said decree was filed and duly registered in the office of judge of probate of that county. The certificate is in the following language:

"State of Alabama, Lowndes county. Certificate of Decree. I, J. D. Reese, register in chancery for the said county, in said state, hereby certify that on the 28th day of January, 1902, in the case of Edwin May, Ruth May, and Joseph May, by the next friend, Mrs. M. R. May,

complainants, against Evans Hinson individually and Evans Hinson as the executor of the estate of Jane E. Evans, deceased, Martha E. Hinson individually and Martha E. Hinson as the executrix of the estate of Joseph L. Hinson, dec'd, Mary Hinson Coleman, Mattie Hinson, Hulda Hinson, Joseph L. Hinson, Jr., Sallie Belle Hinson, Serena Hinson, J. R. Hinson, W. L. Shanks, J. A. Favor, James Scarborough, J. M. Garrett, Laura B. Jones, T. L. Coleman, defendants, in the chancery court of said county, Martha E. Hinson and Evans recovered of Laura B. Jones a decree in said chancery court for the sum of eight hundred and 00/100 dollars ($800.00), and no dollars and no cents costs, and Lomax, Crum & Weil were attorneys of record for complainant, and Charles A. Whitten and Evans Hinson were attorneys of record for Martha E. Hinson and Evans Hinson. Witness my hand this 10th day of Feb., 1902. J. D. Reese, Register in Chancery.

"Received for record this 6th day of June, A. D. 1902, and recorded in Judgment Record No. 1, p. 277. J. B. Gaston, Judge of Probate."

On the 4th day of February, 1905, Laura B. Jones, for a valuable consideration paid by the complainant in the present bill, sold and conveyed to him by a warranty deed lots 21, 22, and 23, of block 4, of Cramer Plat, in the southern part of the city of Montgomery. This deed of conveyance was duly recorded in the office of the judge of probate of Montgomery county on the 1st day of March, 1905. On the 25th day of May, 1907, the sheriff of Montgomery county received an execution from the chancery court of Lowndes county on the said decree against Laura B. Jones and in favor of Martha E. Hinson and Evans Hinson; and he levied the same on the lots above described, and advertised them for sale on

Monday, the 1st day of July, 1907. Thereupon complainant (appellant here) filed this bill, alleging, among other things, that he is a bona fide purchaser of the lots from Laura B. Jones without notice, and that the registration of the decree is ineffective to create a lien, and praying that the sheriff and Martha E. Hinson and Evans Hinson be enjoined from selling the lots levied on under the execution. These facts are sufficient to make clear the issue (which is a single one) between the parties on this appeal.

The statute under which the certificate was registered reads as follows: "The owner of any judgment or decree for the payment of money rendered by any court of record, may file in the office of the judge of probate of any county a certificate of the clerk or register of the court by which the judgment or decree was rendered, which certificate shall show the style of the court which rendered judgment or decree, the amount and date thereof, the amount of costs, the names of the parties and the names of the plaintiff's attorneys, and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of filing of the judgment or decree. * * *" Gen. Laws 1898-99, p. 34. The decree in question is somewhat out of the usual order, in that the decree is in favor of two of the respondents and against another of the respondents to the bill. But the names of all the parties to the suit are shown; and this, it would seem, according to the letter of the statute, is all that is required in this respect. But the certificate goes even further, and shows in whose favor and against whom the decree is rendered.

Appellants' contention, however, is that the certificate does not comply with the statute, so as to create a lien; the point of the contention being that the name of one

of the parties (Evans Hinson), which appears several times in the certificate, is in one instance written only "Evans," when it should have been "Evans Hinson." It will be observed that there is only one "Evans" mentioned as a party in the certificate, and he is Evans Hinson; and it will be further observed that the certificate, after setting out the names of all the parties, including Martha E. Hinson and Evans Hinson, recites: "Martha E. Hinson and Evans recovered of Laura B. Jones a decree in said chancery court. * * *" Here, then, is simply dropped Evans' surname. We are not sure that a logical construction does not supply the name "Hinson" after Evans. This gains support from the fact that at the conclusion the certificate recites that Charles A. Whitten and Evans Hinson were the attorneys of record for Martha E. Hinson and Evans Hinson. But, whether so or not, subjecting the statute and the certificate to a reasonably strict legal construction (*Duncan v. Ashcraft,* 121 Ala. 552, 25 South. 735; *Cocciola v. Wood-Dickerson Supply Co.,* 136 Ala. 532, 535, 33 South. 856), we are clear in our conclusion that it appears from the certificate that Martha E. Hinson and Evans Hinson are the parties in whose favor the decree was rendered, and that certificate affords no reason why any one investigating the record of certificates should be misled into the belief that the decree was not in favor of Evans Hinson. On the contrary, we are of the opinion that the certificate does show that the decree is in favor of Martha E. Hinson and Evans Hinson.

It follows that the decree of the chancellor, sustaining the demurrer to the bill, must be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.