# Gilbert *v.* Talladega Hardware Co.

### Bill to Enforce Materialman's Lien.

(Decided December 16, 1915. Rehearing denied February 3, 1916.
70 South. 660.)

1. **Mechanics; Lien; Statute.**—The attachment and enforcement of a materialman's lien depends upon compliance, in all substantial matters, with the statutory provisions, such a lien being of purely statutory creation.

2. **Statutes; Construction; Derogation of Common Law.**—As a general rule statutes in derogation of the common law are construed with reasonable strictness.

3. **Mechanics' Lien; Priority; Time of Filing; Original Contractor.**—A hardware firm furnishing material directly to the owner for the construction of a building was an original contractor within § 4758, Code 1907, and had six months' time after the accrual of the indebtedness within which to file his statement for a lien.

4. **Same; Pleading; Conclusion.**—A bill filed to enforce a mechanics' lien which alleges that a statement in writing, verified by a person having knowledge of the facts, was filed in the office of the judge of probate, was not subject to demurrer as alleging a conclusion.

APPEAL from Chambers Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Talladega Hardware Company against R. T. Smith and W. B. Gilbert. From a decree overruling demurrers to the bill, respondent Gilbert appeals. Affirmed.

The bill alleges that orator furnished to R. T. Smith building materials for building and improvement on a certain lot, which the bill describes by metes and bounds, and that at the time of the furnishing of said material, and at the time of using the same on the improvements erected on said lot, said R. T. Smith was the owner of the premises; that the improvements were erected on said lot in the months of August and September, 1914, and that said materials were furnished in the said month, and ·

that said Smith was indebted to complainant in the sum of $105.46, with interest; and that on the 10th day of February, 1915, and within six months after the indebtedness accrued, orator did file in the office of the judge of probate of Chambers county, Ala., the county in which said lot was located, and on which this lien was sought to be established, a duly verified statement in writing, containing a just and true account of the demands secured by the materialman's lien, after allowing all just credits, said statement containing a description of the property on which said lien is claimed, and the name of the owner or proprietor thereof, and did, within six months after the maturity of the accounts secured by said lien, file its bill of complaint to enforce the same. The bill further alleges the conveyance by Smith to Gilbert of the lot therein described, with the improvements situated thereon, and that the title acquired by Gilbert is subject to the materialman's lien. The demurrers raise the proposition that the complainant is not an original contractor within the meaning of section 4758 of the Code, and that the bill was not filed within four months. Also that the statement that a statement in writing, verified by a person having knowledge of the fact, was filed in the probate judge's office is but a conclusion of the pleader.

N. D. Denson & Sons, for appellant. Charles S. Moon, for appellee.

THOMAS, J.—This is an appeal taken from a decree of the chancery court overruling demurrer of W. B. Gilbert to a bill filed by the Talladega Hardware Company, a corporation, against R. T. Smith and W. B. Gilbert. The appeal is taken by Gilbert alone.—Acts 1911, page 589.

The suit sought to enforce a lien for material furnished by the complainant directly to the owner of the property, R. T. Smith, and used in the building and improvements on the lands described in the bill. It is alleged in the bill that at the time this material was furnished and used in such improvements on said lot, respondent R. T. Smith was its owner, and that he thereafter conveyed the lot so improved to respondent W. B. Gilbert. It is further alleged that after said materials were furnished and improvements were made on said lot "and within six

months after the indebtedness accrued, your orator did file in the office of the judge of probate of Chambers county, Ala., being the county in which said lot was located on which this lien is sought to be established, a statement in writing, duly verified, containing a just and true account of the demand secured by the materialman's lien, after allowing all the just credits, said statement containing a description of the property on which the lien is claimed and the name of the owner or proprietor thereof, and did, within six months after the maturity of the account secured by said lien, file this, its bill of complaint, to enforce the same."

(1-3) The materialman's lien is of statutory origin, and its attachment and enforcement depend upon a compliance, in all matters of substance, with the provisions of the statute to which it owes its existence.—Phillips on Mechanics' Liens, §§ 10, 297; *Ex parte Schmidt & Smith*, 62 Ala. 252; *Chandler v. Hanna*, 73 Ala. 390; *Globe Iron Roofing & Corrugating Co. v. Thacher*, 87 Ala. 458, 6 South. 366; *Long v. Pocahontas, etc., Co.*, 117 Ala. 587, 23 South. 526; *Loyd v. Guthrie*, 131 Ala. 65, 31 South. 506. Statutes in derogation of the common law, as a general rule, are to be constructed with "reasonable strictness."—*Cocciola et al. v. Wocd-Dickerson Supply Co.*, 136 Ala. 532, 535, 33 South. 856; *Duncan v. Ashcraft, Adm'r*, 121 Ala. 552, 25 South. 735; *Gunter et al. v. Belser et al.*, 154 Ala. 489, 45 South. 582. Applying this rule of construction of statutes to the facts of the instant case, as stated in complainant's bill, the bill was not subject to demurrer that the claim of complainant was not filed in the probate office, after its accrual, within the time prescribed by the statute.—Code 1907, § 4758. Complainant was an original contractor within the terms of the statute (*Wahouma Drug Co. v. Kirkpatrick Sand & Cement Co.*, 187 Ala. 318, 65 South. 825; *Trammell v. Hudmon*, 78 Ala. 222), and had six months time after the indebtedness accrued within which to file in the office of the judge of probate of Chambers county, Ala., in which was situated the lot so improved by material furnished by complainant, a statement in writing verified by the oath of some person having knowledge of the facts (*Globe Iron Roofing Co. v. Thacher, supra; Alabama State Fair, etc., v. Alabama Gas, etc., Co.*, 131 Ala. 256, 31 South. 26; *Long v. Pocahontas, etc., Co., supra*), containing a just and true account of the demand secured by the

lien, after all just credits had been given, a description of the property on which the lien was claimed, and the name of the owner or proprietor thereof.—Code 1907, §§ 4754-4758.

The case of *Long v. Pocahontas Coal Co., supra,* cited by appellant, is not in conflict with the view we have expressed. The contract for the material sold by Long was not made by him with the Pocahontas Coal Company, but with Phillips & Wiggs Machinery Company, through the president of the latter corporation. The fact that the representation was made, that the Pocahontas Coal Company was owned by the Phillips & Wiggs Machinery Company, did not change the fact that Long was furnishing material to Phillips & Wiggs Machinery Company, with which it, or some one for it, improved the properties of the Pocahontas Coal Company. On such state of facts, Long was a material-man, and not an original contractor.

Since this question, presented by the demurrer and insisted on in argument, has been twice decided by this court contrary to appellant's insistence, it will not be necessary that we discuss the statutes or the decisions of other states. We adhere to the correctness of our former ruling on this point.

(4) The other grounds of demurrer were properly overruled. The averments of the bill are sufficient to inform the respondent of appellee's claim, and put on him the burden of showing compliance with the statute in the perfection and enforcement of his lien.

The cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.