(96 South. 863)

## HAGAN v. RIDDLE CO. (8 Div. 519.)

(Supreme Court of Alabama. June 9, 1923.)

1. Equity ⬭370—Averments as to advisability of consolidating suits for trial held not to destroy equity of bill to foreclose lien or prevent consolidation.

Averments in a bill to foreclose a mechanic's lien, showing the advisability of consolidating that suit with similar suits for trial, did not destroy the equity of the bill, nor prevent the court in the exercise of a sound discretion from ordering consolidation or hearing the causes at the same time without the consent of the parties thereto.

2. Mechanics' liens ⬭132(3)—Claim held to have been filed in time.

Where the sale of building materials, for which mechanic's lien was claimed, was made September 20th at "30 days net," a claim filed April 19th following was within six months of the accrual of the claim, and the suit was brought within the time prescribed by Code 1907, § 4777.

3. Equity ⬭370—Statutory proceeding for consolidation is not exclusive of inherent power of court.

The statutory proceeding for consolidation of mechanics' lien suits is not exclusive of the inherent power of a court of equity in a proceeding in rem, when no personal judgment is sought to order a consolidation in a proper case.

**4. Equity ⬤═370—Consolidation of lien suits does not affect issues in any one.**

A consolidation of several suits for the enforcement of mechanics' liens, so that all liens shall be on an equal footing, as required by Code 1907, § 4776, has no effect except that the causes are heard at the same time; the issues remain precisely on the pleadings as they were before. between the same parties, and are determined exactly as if the causes had been heard separately.

**5. Equity ⬤═370—Has inherent power to consolidate suits, or hear suits at same time.**

The power of a court of equity to consolidate suits, or hear such suits at the same time, is inherent or implied from its general power to make reasonable rules for the transaction and regulation of its business.

**6. Equity ⬤═370—Consolidation of suits rests in court's discretion.**

A consolidation or joint hearing of separate equitable suits cannot be demanded as a matter of right, but rests in the sound discretion of the court, which may order consolidation or refuse to do so.

**7. Equity ⬤═370—Suits in which rights are interdependent should be consolidated.**

Where two or more suits are pending in the same court of equity, and the facts of each case need to be ascertained before the rights of any can be settled, the suits should be consolidated and heard together, or there should be an order staying proceedings that injustice and undue priority may not intervene.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Bill by the Riddle Company against William J. Hagan, Jr. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

It is averred by the bill that the complainant sold and delivered to the respondent certain material which was for use in building a certain house in Athens, Limestone county, Ala.; that within six months of such sale and delivery of material complainant filed in the probate court of Limestone county its lien against said house and ground, a certified copy of which claim is exhibited with the bill.

By the third paragraph it is averred:

"That other parties have filed liens on said building and land adjacent thereto and on which it is erected and said suits are now pending in this honorable court, and in order that those entitled to liens on said property shall have the same protection, all of said suits should be consolidated and heard as one in which priority, if any, can be adjusted and, in the event said property is not sufficient to pay all liens in full, that the funds derived from the said sale of said property in the enforcement of said liens be equitably apportioned."

The bill describes the land upon which the building was erected, and prays the estab-lishment of complainant's lien, consolidation of the causes mentioned, sale of the property, etc.

R. B. Patton, of Athens, for appellant.

The statutory right of consolidation is only applicable to causes pending between the same parties. Courts of equity are without power to consolidate without notice to the parties to the pending litigation. Code 1907, § 5358; Sou. Ry. v. Clarke, 203 Ala. 248, 82 South. 517; 1 R. C. L. 360; Ex parte Brown, 58 Ala. 536.

W. R. Walker, of Athens, for appellee.

No brief reached the Reporter.

THOMAS, J. The cause was submitted on demurrer to the original bill, having for its purpose the enforcement of a materialman's lien.

[1] The averments of facts as to advisability of consolidation of the instant suit with the other pending causes to like effect in the same court, did not destroy the equity of the bill, or prevent the court, in the exercise of a sound discretion and in a proper case, from ordering consolidation or hearing the causes at the same time "without the consent of the parties thereto." Ex parte Brown, 58 Ala. 536.

[2] The lien claimed and filed in the probate office shows that the sale was made at "thirty days net"; and that the date of the sale was September 20, 1920. The claim was filed April 19, 1921, within six months of accrual of the claim for the material sold to the owner of the lots for use in the erection of a house thereon. Gilbert v. Talladega Hdwe. Co., 195 Ala. 474, 70 South. 660. The suit was brought within the time prescribed by statute. Code 1907, § 4777; Pilcher v. E. R. Porter Co., 208 Ala. 202, 94 South. 72.

[3, 4] The statutory provision for consolidation is not exclusive. Southern Ry. Co. v. Clarke, 203 Ala. 248, 82 South. 516. Under the inherent power of a court of equity, in a proper case, there may be a consolidation of causes in such a proceeding as this—a proceeding in equity, in nature a proceeding in rem, for the subjection of the property to the materialman's lien, when no personal judgment against the lienee is sought. Redd Bros. v. Todd (Ala. Sup.) 95 South. 276.[1] If the court should exercise its reasonable discretion to the end of consolidation of the several suits for the enforcement of the lien in accordance with the statute (Code 1907, § 4776), requiring that all such liens on the same property shall be "on equal footing," this would have no other effect "than that the causes thus consolidated are heard at the same time." The issues remain precisely on the pleadings as they were before, be-

'tween the same parties, and are determined exactly as if the causes had been heard separately. Handley v. Sprinkle, 31 Mont. 57, 77 Pac. 296, 3 Ann. Cas. 531, and note.

[5-7] The power of a court of equity to consolidate suits, or hear such suits at the same time, is inherent or implied from its general power to make reasonable rules for the transaction and regulation of its business. We may observe that such a consolidation, or joint hearing, cannot be demanded as a matter of right, but is a matter resting within the sound discretion of the court, which may order consolidation or refuse to do so. Powell v. Gray, 1 Ala. 77; Monroe v. Brady, 7 Ala. 59, 1 C. J. §§ 313, 315, 325, et seq., pp. 1123, 1128. After all that may be said on the subject it is established in this jurisdiction that, where two or more suits are pending in the same court of equity, and the facts of each case need to be ascertained before the rights of any can be settled, such suits should be consolidated and heard together (Ex parte Brown, 58 Ala. 536), or there should be an order staying proceedings, that injustice and undue priority may not intervene (1 Danl. Ch. Pl. & Pr. [6th Ed.] p. 793).

We have carefully considered the several grounds of demurrer, and are of opinion that they are not well taken.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.