(106 So. 49)

### GUARENIRE et ux. v. BESSEMER LUMBER CO. (6 Div. 408.)

(Supreme Court of Alabama. Oct. 29, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Mechanics' liens ⬦➡271(1)—Complaint by materialman claiming under personal contract with defendant owners held not demurrable.**

Complaint, by one claiming as original contractor under personal contract with defendants to enforce lien for price of materials furnished for erection of house for them by independent contractor, *held* not demurrable as it would have been had plaintiff been subcontractor.

**2. Husband and wife ⬦➡23¾—Finding that wife had authority to bind husband by contract to pay for building materials held supported by evidence.**

Evidence *held* to support finding that wife had authority to bind husband by contract to pay for building materials furnished for erection of house for them by independent contractor.

**3. Mechanics' liens ⬦➡304(4)—Mistake as to building owner's name in charging for materials, and subsequent correction thereof, immaterial on question of owner's personal liability.**

That president of company furnishing building materials on order of building owner misunderstood latter's name over telephone, charged materials to wrong name, and afterward corrected error, *held* immaterial on question of owner's personal liability; there being no question of identity.

**4. Mechanics' liens ⬦➡99(1) — Pleading and proof of statutory notice to building owners that materials would be furnished held unnecessary.**

In suit by one claiming as original contractor to enforce lien for price of materials furnished for erection of building for defendants by independent contractor, pleading and proof of statutory notice to defendants that materials would be furnished was unnecessary.

**5. Appeal and error ⬦➡1078(1)—Assignments of error not argued not considered.**

Assignments of error merely restated in appellant's brief, and not argued, will not be considered.

**6. Mechanics' liens ⬦➡280(3)—Testimony as to conversation and contract with building owner to furnish materials held admissible in suit to enforce lien.**

In action to enforce lien for price of materials, alleged to have been furnished on order of building owner, testimony of plaintiff's president as to his conversation and contract with such owner *held* relevant and competent.

**7. Mechanics' liens ⬦➡280(5)—Ledger sheets showing debits and credits of account against building owners held relevant to issue of their personal liability for price of materials.**

In action to enforce lien for price of materials furnished under alleged contract with defendant building owners, ledger sheets showing debits and credits of account against defendants *held* relevant to issue of their personal liability.

**8. Appeal and error ⬦➡1051(1)—Admission of ledger sheets, showing debits and credits of account, harmless, where items were verified.**

In action to enforce lien for price of building materials, admission of ledger sheets showing debits and credits of account against defendant owners *held* harmless, where items were verified by plaintiff's president.

**9. Mechanics' liens ⬦➡280(5)—Testimony as to sending dray ticket with each load of building material furnished held admissible in action to enforce lien for price.**

In action to enforce lien for price of building materials, it was proper for plaintiff's president to testify that he sent dray ticket with each load showing what was delivered therein.

**10. Appeal and error ⬦➡1051(1)—Admission of testimony as to sending dray ticket with each load of material furnished harmless, where each ticket was verified.**

In action to enforce lien for price of building materials furnished, admission of testimony of plaintiff's president that he sent dray ticket with each load of material, showing what was delivered therein, *held* harmless, where each ticket was verified by him.

**11. Appeal and error ⬦➡204(3)—Admission of testimony as to sending dray tickets with loads of material furnished not available error in absence of objection to introduction of tickets.**

In action to enforce lien for price of materials furnished, error, if any, in admitting testimony of plaintiff's president as to sending dray ticket with each load of material, showing what was delivered therein, *held* not available, in absence of objection to introduction of such tickets.

**12. Appeal and error ⬦➡1026—Technical errors, relating to matters as to which there was no material dispute, immaterial.**

In absence of material dispute as to what materials were delivered for and went into house, erected for defendants, technical errors relating to such matters, in action to enforce lien for price, were immaterial.

**13. Mechanics' liens ⬦➡280(5)—Itemized statements of account held properly admitted, notwithstanding discrepancy between statement proved and bill of particulars as to year of sale and delivery.**

In action to enforce lien for price of building materials, fully verified itemized statements of account *held* properly admitted, notwithstanding discrepancy as to year of sale and delivery between statement proved and bill of

---

particulars furnished by plaintiff; there being no dispute as to true date of delivery.

**14. Evidence ⊚⇒155(5)—Evidence of increase in amount due contractor because of changes made by building owners held admissible in action to enforce lien for price of materials.**

In action to enforce lien for price of materials furnished for erection of house for defendants by independent contractor, where defendants brought out, on cross-examination of contractor, facts designed to show that he had been overpaid for his work, it was competent for plaintiff to show changes made by defendants in plan of house, resulting increase in its cost and amount due contractor, and what such amount was, and defendants could not complain, though it was all immaterial.

**15. Trial ⊚⇒26—Suspension of trial and requiring plaintiff to bring in certain bills for materials furnished discretionary with trial court.**

In action to enforce bills for price of building materials, it was within trial court's discretion whether to suspend trial and require plaintiff to bring in certain bills for material, which were not in court or plaintiff's possession at time.

**16. Appeal and error ⊚⇒1046(I)—Refusal to suspend trial and require plaintiff to bring in bills for material furnished held harmless.**

In action to enforce lien for price of building materials, refusal to suspend trial and require plaintiff to bring in certain bills for material, which were not in court or plaintiff's possession at time, *held* harmless.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action to enforce lien for materials by the Bessemer Lumber Company against Frank Guarenire and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Pinckney Scott, of Bessemer, for appellants.

It was error for the court to refuse defendant's motion to have plaintiff produce bills demanded. Code 1923, § 7774. Plaintiff failed to prove a joint liability as claimed, and defendants were entitled to the affirmative charge. Redmond & Co. v. L. & N., 154 Ala. 311, 45 So. 649; Code 1923, § 8840; Tisdale v. Ala. & Ga. Lbr. Co., 131 Ala. 461, 31 So. 729. Before furnishing materials, notice should have been served on the owners. Code 1923, § 8832.

Goodwyn & Ross, of Bessemer, for appellee.

This being a completed contract, the common counts were sufficient. Bush v. Moore, 19 Ala. App. 88, 95 So. 62. The plaintiff was an original contractor, and no notice was required. Gilbert v. Talladega Hdw. Co., 195 Ala. 474, 70 So. 660; Wahouma Drug Co. v. Kirkpatrick, 187 Ala. 318, 65 So. 825. Mere general objections to questions are properly overruled. Jefferson v. Republic I. & S. Co., 208 Ala. 143, 93 So. 890; Code 1907, § 4003. Assignments of error not argued are waived. Comstock v. Jahant Heating Co., 10 Ala. App. 663, 64 So. 178. There was no error in changing the name of the debtor in the account. Whitsett v. Womack, 8 Ala. 466; Seay & Hendrick v. McCormick, 68 Ala. 549. It was not necessary that the claim be itemized. Garrison v. Hawkins Lbr. Co., 111 Ala. 308, 20 So. 427. The variance in dates was not material. Code 1907, § 5368.

SOMERVILLE, J. [1] Plaintiff's case is founded upon a claim for the price of building materials furnished for the building of a house erected for defendants by an independent contractor named Watters. Plaintiff, however, claims as an original contractor under a personal contract with defendants.

The complaint was not subject to any of the grounds of demurrer, as it would have been had plaintiff been a subcontractor, and the demurrer was properly overruled.

The defendants were and are the joint owners of the improved property, and the defendant Vincent Guarenire is the wife of her codefendant, Frank Guarenire.

The decisive issues of fact presented by the pleadings and evidence were: (1) Whether the defendant Vincent Guarenire personally contracted with plaintiff for the sale and delivery of the materials; and (2) whether, if she did, her contract was binding upon her husband, Frank.

It is shown without dispute that plaintiff declined to deliver the materials on Watters' order and credit, and that at Watters' request Vincent Guarenire talked with plaintiff's president, Dillard, over the telephone about the matter. She admits that she ordered the first load that was sent, but denies that she ever ordered any more, and that she gave, then or at any time, a general order for the materials that would be needed. On the other hand, Dillard testifies that she did give a general order, and told him to deliver the materials as Watters needed and called for them; and that in that conversation he told her that he would not send the materials unless she would pay for them, and that he would have to charge them to her, the owner; and that she said she would pay for them weekly as the job progressed.

[2] As to Vincent's authority to bind her husband, Frank, we think the evidence was ample to support an affirmative finding on that issue. Frank left the whole matter of the contract, and the supervision of the building operations and payments therefor, to Vincent, who testified that she told Dillard her name, and that she was "boss of

the house"—a proposition which does not seem to have been contested. Evidently, she had authority to handle the matter in all of its details, and by reasonable, if not necessary, implication to do what was necessary to secure the execution of their joint purpose and undertaking, including the procurement of materials in the usual way in such cases, viz., by becoming personally responsible for the price on behalf of herself and her co-owner and cocontractor.

[3] It is of no consequence that Dillard misunderstood her name in the telephone conversation, and charged the materials to Vincent Arcadia on his books, and afterwards, upon discovering her true name, corrected the error. This he had a right to do, and neither the mistake nor its correction has any bearing upon the question of defendants' personal liability. There was no question of identity.

[4] Plaintiff's claim being presented as for an original contractor, the question of notice under the statute to the owners that the materials would be furnished is wholly immaterial, both as to pleading and proof.

[5] A great many of the assignments of error are merely restated in the brief for appellants, and not argued at all. These we do not consider.

[6] Assignments 2 to 6, inclusive, complain of the testimony of Dillard as to his conversation and contract with Vincent Guarenire, all of which was clearly relevant and competent, and properly allowed.

[7, 8] The ledger sheets showing the debits and credits of plaintiff's account against defendants were relevant to the issue, and there was no other objection than that of irrelevancy, which was properly overruled. Moreover, the items were verified by Dillard, and no harm could have been done, even had a valid objection been interposed.

[9-12] Assignments 10, 11, 15, and 19 to 23, inclusive, complain of the variance between the name first charged against on plaintiff's books and defendants' true name, and object to plaintiffs' correction of the error. These objections are patently without merit, as we have already shown. It was obviously proper for Dillard to testify that he sent a dray ticket with each load of material showing what was delivered in that load; moreover, each ticket was verified by Dillard as correct, and there was no objection to their introduction. Indeed, there was no material dispute as to what materials were delivered for and went into the house, and technical errors relating to such matters, if any were committed, could not possibly affect the case. Assignments 16, 17, and 18 cannot be sustained.

[13] The itemized statements of account were fully verified and were properly admitted in evidence, notwithstanding a discrepancy in the statement of the year of the sale and delivery, between the statement proved and the bill of particulars furnished by plaintiff to defendants on their demand; the date "1924" in the latter being an obvious inadvertence which could not have misled defendants, and there being no dispute as to the true date of delivery.

[14] The defendants having brought out on the cross-examination of Watters several facts designed to show that he had been overpaid for his work, it was competent for plaintiff to show the changes made by defendants in the plan of the house, and the resulting increase in its cost and in the amount due Watters, and what that amount was. It was all immaterial, but under the circumstances defendants cannot complain.

[15] It was a matter of discretion with the trial court whether, upon demand made upon plaintiff during the trial to produce certain bills for material sent by plaintiff by the drayman White, the trial should be suspended and plaintiff required to go and bring them in; it not appearing that they were in court or in plaintiff's possession at the time.

[16] In any aspect of the matter, we do not see how the production of those bills or statements could have affected the situation.

We have considered every assignment of error insisted upon in argument, and find no error of prejudice to appellant.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.