182 So. 48

## SHERROD v. CRANE CO.

### 8 Div. 882.

Supreme Court of Alabama.

June 16, 1938.

R. L. Almon, of Moulton, for appellant.

346

Monette, Taylor & Jeffrey, of Birmingham, for appellee.

THOMAS, Justice.

The appeal is from the decree of the court overruling demurrers to the original bill to enforce a mechanics' and materialmen's lien against real property, under the statute that applies. Code, §§ 8832–8840; Gilbert v. Talladega Hardware Company, 195 Ala. 474, 70 So. 660.

■ It has been established that it is unnecessary for an original contractor to give notice to the owner that the material for construction of the improvement in question would be furnished, as required of a subcontractor. Code, § 8832; Guarenire v. Bessemer Lumber Co., 214 Ala. 8, 106 So. 49.

■ The allegation that the contract was with the respondent-owner dispenses with the further allegation as to the capacity in which the parties contracted. Grimsley v. First Avenue Coal & Lumber Co., 217 Ala. 159, 115 So. 90. It is held that the bill of complaint, aided by the exhibits, alleging sale, delivery and use of material is sufficient to show that the complainant contracted with the owner of the property improved, and that the materials were furnished and debt incurred by the contract with the owner under Section 8832 of the Code granting a mechanic's lien in such case. Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178; Walker v. Scott Lumber Co., 222 Ala. 604, 133 So. 695; Byrum Hardware Co. v. Jenkins Bldg. Supply Co., 226 Ala. 448, 147 So. 411.

■ The original parties contracting the debt for material to be furnished and used in erecting improvements and buildings on land may fix the date of the accrual thereof, and the statute of limitations as to filing and enforcing claim and lien therefor will be counted from such date. Gorr Lumber Company v. McMillan, 225 Ala. 303, 143 So. 173. In the last cited case, it is declared (page 175):

"The point is made that the claim accrued upon the completion of the work and not at the maturity of the debt. By the terms of the contract the debt was to mature in ten monthly installments, the first due July 1, 1930, and the last due April 1, 1931. The statement was alleged to have been filed February 6, 1931. In several cases this court held that when the debt matured, as contracted, it then accrued within the meaning of this statute. Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331; College Court Realty Co. v. Letcher Lumber Co., 201 Ala. 361, 78 So. 217; Id., 201 Ala. 362, 78 So. 218; Hagan v. Riddle Co., 209 Ala. 606, 96 So. 863."

And in Hagan v. Riddle Company, 209 Ala. 606, 96 So. 863, it is stated that (page 864):

"The claim was filed April 19, 1921, within six months of accrual of the claim for the material sold to the owner of the lots for use in the erection of a house thereon. Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660. The suit was brought within the time prescribed by statute. Code 1907, § 4777; Pilcher v. E. R. Porter Co., 208 Ala. 202, 94 So. 72."

There was no error in the ruling on demurrer in the foregoing respects and challenging the sufficiency of the claim, lien and suit under the time designated by statute.

■ It was unnecessary to allege whether the contract for work or materials for such construction was verbal or written, when the substance of such contract is sufficiently set out or averred in the pleadings. City of Ensley v. Hollingsworth & Co., 170 Ala. 396, 54 So. 95, Ann.Cas.1912D, 652; George v. Roberts, 207 Ala. 191, 92 So. 1.

■ The statute of frauds, Code 1923, § 8034, is not of application under the averments of the original bill and sought to be presented by the last grounds of demurrer.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.