90 So.2d 260

**MARSHALL MEMORY GARDENS, Inc.**

v.

**Francis A. LONG et al., d/b/a Long Bros.**

8 Div. 878.

Supreme Court of Alabama.

Nov. 1, 1956.

Wright & Wright, Guntersville, for appellant.

Marion F. Lusk, Guntersville, for appellees.

STAKELY, Justice.

This is an appeal by Marshall Memory Gardens, Inc., a corporation, from a decree overruling the demurrer to a bill in equity filed by Francis A. Long and Charles G. Long, partners doing business as Long Brothers (appellee), against Marshall Memory Gardens, Inc., a corporation (appellant). The purpose of the bill, filed on March 28, 1956, is to establish a mechanic's or materialman's lien on certain real property lying in Marshall County, Alabama. The allegations of the bill show in substance the following.

From about November 24, 1955, to January 7, 1956, Francis A. Long and Charles G. Long, a partnership doing business as Long Brothers, did certain grading and road work in connection with the development of a cemetery site on lands owned by Marshall Memory Gardens, Inc., located in Marshall County, Alabama, and more particularly described in the bill of complaint. On January 11, 1956, there remained an indebtedness of $2,082.33 for the foregoing work and on that date the foregoing parties executed a written agreement relating thereto, a copy of the written contract being marked Exhibit A attached to the bill of complaint and made a part thereof. The contract showed that the parties mutually covenanted and agreed in respect to the work and labor here involved that the amount of the unpaid indebtedness aggregated $2,082.33, to be evidenced by a promissory note with interest from date at six percent per annum payable in twenty-four equal consecutive monthly installments of $92.30, the first installment to mature one month from date. It was agreed that all claims for labor or material in connection with the aforesaid work have been paid in full and that there is no lien or claim of any kind against Marshall Memory Gardens, Inc., growing or arising out of said work other than the aforesaid note this day executed by Marshall Memory Gardens, Inc., a corporation. The note referred to in the contract, a copy of which is attached to the bill of complaint and marked Exhibit B is a note dated January 11, 1956, for $2,082.33, executed by Marshall Memory Gardens, Inc., payable in installments of $92.30, beginning on the 11th day of February 1956, and on the 11th day of each succeeding month thereafter to and including the 11th day of December, 1957, the balance being payable on the 11th day of January, 1958. The note contained

a provision that in case default be made in the payment of any of the installments provided in the note, then the entire unpaid balance of the principal sum due on the note, together with interest that shall have accrued, shall at the option of the holder of the note become immediately due and payable.

The bill further alleges that on January 16, 1956, Francis A. Long and Charles G. Long, a partnership doing business as Long Brothers, filed in the Probate Office of Marshall County, Alabama, a statement of a lien, a copy of which as filed and endorsed by the Probate Judge, is attached to the bill marked Exhibit C thereto and made a part thereof.

It is further alleged that the first installment of the aforesaid note was not paid and on March 3, 1956, the plaintiffs notified the defendant that the entire amount of the principal and interest due thereon and attorneys' fees had become due and payable, which the defendant has not paid.

■ This court has uniformly ruled that § 48, Title 33, Code of 1940, authorizing the bringing of an action for enforcement of a mechanic's or materialman's lien in the circuit court, gives a lien claimant a concurrent remedy in equity. Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360.

Section 42, Title 33, Code of 1940, provides in substance that the mechanic or materialman in order to establish the lien is required to file his statement of lien within six months after the last item of work or labor has been performed and any suit for enforcement thereof must be filed within six months after the maturity of the entire indebtedness.

■ It appears to be the position of the appellant that the maturity date of the final maturing installments were after the expiration of the time for the complainants to sue. We do not agree with this position. The contract expressly shows . (1) that the indebtedness referred to in the contract "shall be evidenced" by a prom-

issory note, (2) that the note is a lien and (3) that the acceleration clause in the note expressly provides that upon default in the payment of any monthly installment the entire indebtedness shall be immediately due and payable on demand.

It clearly appears that the contract providing for payment of the indebtedness in monthly installments was not a novation of the grading contract and was not a discharge of the lien. Woodall v. Southern Mfg. Co., 223 Ala. 262, 135 So. 446; Sherrod v. Crane Co., 236 Ala. 344, 182 So. 48; Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360.

The allegations of the bill further show that the indebtedness had matured before the suit was filed and the suit was filed within the time required by the statute.

It results that the court acted correctly in overruling the demurrer to the bill and the decree of the court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.