542 F.2d 1257
 SCOTT PAPER COMPANY et al., Plaintiffs,
v.
ADAIR TRUCK & EQUIPMENT CO., INC., et al., Defendants.
NORVELL WILDER SUPPLY COMPANY, Defendant-Appellant,
v.
Herschel A. GENTRY, Trustee in Bankruptcy of Craft
Corporation, Defendant-Appellee.
 No. 76-1179.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 1, 1976.
 
 Thomas M. Galloway, Jr., Mobile, Ala., for defendant-appellant.
 Brock B. Gordon, Mobile, Ala., George M. Snellings, III, Monroe, La., Elliott E. Barker, Mobile, Ala., for Gentry.
 Chase R. Laurendine, E. B. Peebles, III, Mobile, Ala., for Scott Paper.
 Marc E. Albert, Tax Div., Dept. of Justice, Washington, D. C., for U. S. A.
 Marion R. Vickers, Jr., Mobile, Ala., for May Machinery Co.
 Bishop N. Barton, Montgomery, Ala., for Leary & Owens.
 Thomas E. Bryant, Jr., Mobile, Ala., for Welding Eng.
 Robert S. Edington, Mobile, Ala., for Dependable Sheet Metal.
 Robert E. McDonald, Jr., Mobile, Ala., for Office Supplies.
 Robert C. Campbell, III, Mobile, Ala., for Sherwin-Williams.
 J. Lawrence Mullens, Monroe, La., for Southern Hardware Co.
 William H. McDermott, Mobile, Ala., for S. E. Bolt.
 Augustine Meaher, III, Mobile, Ala., for Jeffreys Steel Co.
 Kim R. Thorne, Grand Prairie, Tex., Robert J. Johnson, Crossett, Ark., for B & W Ind.
 Thomas A. Johnston, III, Mobile, Ala., for So. State Supply Co.
 Robert E. Gibney, Fred G. Collins, Charles J. Fleming, Mobile, Ala., for Hertz Equip.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before RIVES*, GEWIN and MORGAN, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 Appellant Norvell Wilder appeals from a grant of partial summary judgment in favor of Herschel A. Gentry, trustee in the bankruptcy of Craft Corporation of Louisiana.
 
 
 2
 On March 1, 1974, the Industrial Development Board of the City of Mobile, through its agent, the Scott Paper Company, engaged the now bankrupt Craft Corporation to act as prime contractor for the construction of a saw mill facility at Mount Vernon, Alabama. Craft acted as contractor until September 13, 1974, at which time its services were terminated; on September 19, 1974, the United States District Court, Western District of Louisiana, adjudicated Craft a bankrupt and, thereafter, appointed appellee Gentry as trustee of the bankrupt's estate. Throughout 1973 and 1974, appellant Norvell Wilder had supplied Craft with building materials, some of which Norvell alleges made their way to the Mount Vernon site. By June 27, 1974, Craft had accrued a debt of $739,126.28 for its purchase of these materials. On that date Craft paid $50,000 in cash to Norvell Wilder and executed a promissory note, which was secured by a mortgage on all of Craft's real estate and improvements in West Monroe, Louisiana, for the remaining $689,126.28.[1] Norvell Wilder entered both of these items as a "payment" in its account books. Subsequently, Craft purchased on open account various materials, totalling $21,752.14 in amount. Norvell Wilder now asserts a materialman's lien of $259,853.27 against the saw mill for materials sold to Craft and allegedly used in construction of the mill.
 
 
 3
 Commencing the present interpleader action in the District Court for the Southern District of Alabama, Scott and the Board named as defendants the Trustee of Craft's bankrupt estate and parties who had supplied materials or labor to the saw mill project and who, therefore, had potential mechanic's lien claims; plaintiffs named Norvell Wilder as one of these potential claimants. Seeking to defeat the claims of lien creditors in order to secure the interpled funds for the bankrupt estate, the Trustee filed a motion for partial summary judgment against Norvell Wilder asserting that the undisputed evidence established that Norvell Wilder had acknowledged, through its notation on its books, payment of the outstanding balance of $739,126.28 through Craft's execution of a promissory note on June 27, 1974. The district court granted the motion for summary judgment as to all claims of Norvell Wilder that exceed $21,752.14.[2] It certified this interlocutory appeal, reasoning that the controlling question of payment was one about which there is "substantial ground for difference of opinion." (R. at 103).
 
 
 4
 Alabama[3] law follows the general rule[4] that the mere acceptance of a promissory note does not extinguish an underlying materialman's lien unless the parties intended the note to constitute a payment or discharge of the lien. Marshall Memory Gardens v. Long, 265 Ala. 164, 90 So.2d 260 (1956); Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360 (1948); Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285, 289 (1930) (concurring opinion). In Rambo, the Alabama Supreme Court held that the burden of proof rests on the party seeking to show that the claimant waived his lien and that whether or not the taking of collateral security by the contractor will amount to a waiver of his lien is a question upon which the courts are not in accord . . . . (I)t is believed that the weight of opinion is that unless there is manifest intention between the parties that it shall so operate, this will not be equivalent to a waiver. 33 So.2d at 363 (emphasis added) (citation omitted). Likewise, in Standard, supra, the concurring opinion noted that "the general rule is that such transaction does not constitute a payment or discharge of the original debt in the absence of an agreement to that end." 129 So. at 289. Therefore, in deciding whether Craft's execution of a promissory note discharged any potential mechanic's lien to be asserted against him by Norvell Wilder, one must determine whether the parties intended the note to constitute a payment of the debt for which the lien is asserted.
 
 
 5
 Rule 56 of the Federal Rules of Civil Procedure requires that a court determine (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to a judgment as a matter of law before it grants a motion for summary judgment. The issue in this case then is whether the district court properly held that no genuine issue of material fact exists concerning the intent of the parties to treat the promissory note as a payment, thereby discharging the materialman's lien that Norvell Wilder claims in the Mount Vernon saw mill; Norvell Wilder insists that such a genuine issue of material fact exists on this question of the party's intent.
 
 
 6
 The only evidence submitted by appellee Gentry to show that the parties intended the secured note to constitute payment was Norvell Wilder's bookkeeping entry designating the promissory note as payment. While the general rule on the question seems to be that the claimant's crediting of the amount of a contractor's note on his books does not necessarily prove a payment so as to discharge a mechanic's lien, Annot., 91 A.L.R.2d 453 (1963) we have found no Alabama case in point. Appellee cites Harrison v. Harrison, 9 Ala. 73 (1846) and Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276 (1923), in support of his contention that such a bookkeeping notation does evidence an intention that the note be considered payment, but we find these cases inapposite.[5] While we agree that the trier of fact could consider this notation as some evidence of Norvell Wilder's intent to treat the note as payment, we do not believe that it is conclusive evidence of intent sufficient to justify a summary judgment. Indeed, this court has observed that "issues involving state of mind and intent are not well suited to disposition by summary judgment, since much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder." In re Yarn Processing Patent Validity Litigation, 498 F.2d 271, 288 (5th Cir. 1974), citing Alabama Great Southern Railroad v. Louisville & Nashville Railroad, 224 F.2d 1 (5th Cir. 1955). Accordingly, because a genuine issue of material fact the intent of the parties exists, we hold that the district court erred in granting a summary judgment against Norvell Wilder.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46
 
 
 [1]
 Craft paid $139,000 on the note in July, leaving a balance of $550,126.20
 
 
 [2]
 This figure represents the claims of Norvell Wilder arising after June 27, 1974 the date that Craft executed the promissory note
 
 
 [3]
 While one could argue that a potential choice of law question exists here in that both Louisiana and Alabama bear some nexus to the transaction in question, both parties, in effect, stipulated in their briefs and at oral argument that Alabama law controlled and that, at any rate, application of either state's law would yield the same result
 
 
 [4]
 Annot., 91 A.L.R.2d 429 (1963)
 
 
 [5]
 Harrison merely stands for the proposition that regularly kept business records are admissible into evidence. Redd involved the proper application of payments admitted to be such by both parties; unlike this case, it did not involve the threshold question whether a payment was in fact made