Samuel McCarty *et al.*

*v.*

William H. Carter.

1. Infants—*contracts by—for improvement of their property—not binding.* Where work is done, or materials furnished, under a contract made with a minor, for the improvement of his property, such contract is not binding, and the contractor can claim no lien therefor against the property.

2. Same—*receipt of rents by—after majority—does not amount to a ratification of the contract.* And where improvements are made under such a contract, the receipt of rents, after he becomes of age, from the property so improved, does not amount to a ratification, so as to operate as a lien against his property.

3. Mechanic's lien—*mechanics and material men—must know with whom they are contracting.* A party performing work, or furnishing materials for the improvement of property, must ascertain whether the party with whom he is contracting is a minor or not, and if such contract is with one who has not attained his majority, it is not obligatory upon him, and the lien of the contractor fails.

4. Same—*persons having a less estate than the fee considered as owners to the extent of their interests.* Where a person holds a less estate than the fee, he is considered, under the statute, as the owner *only* to the extent of his interest or estate, and can not, by his contract, create a lien against the property to any greater extent than his right and interest therein.

5. Same—*estate acquired by marriage subject to the lien.* And the estate of a husband, acquired by marriage, may, by his contract, be subjected to the lien.

6. Sᴀᴍᴇ—*acts which will not amount to a ratification of a contract made by a person unauthorized to contract.* And where a contract is made by a person to erect a building upon premises which belong to another, and such contract is made without the knowledge or authority of the owner, the fact that such owner, after its completion, receives the rents and profits therefrom, does not amount to a ratification of such contract, so as to create a lien upon the premises.

Aᴘᴘᴇᴀʟ from the Circuit Court of Cook county; the Hon. Eʀᴀsᴛᴜs S. Wɪʟʟɪᴀᴍs, Judge, presiding.

The opinion states the case.

Messrs. Bᴏɴɴᴇʏ & Gʀɪɢɢs, and Mr. J. E. Fᴀʏ, for the appellants.

Messrs. Tʜᴏᴍᴘsᴏɴ & Bɪsʜᴏᴘ, for the appellee.

Mr. Jᴜsᴛɪᴄᴇ Lᴀᴡʀᴇɴᴄᴇ delivered the opinion of the Court:

This was a petition to establish a mechanic's lien, brought by Carter, the appellee, against Samuel McCarty, Emily A. McCarty his wife, and Lucy J. Davis, a daughter by a former husband of said Emily A. McCarty. The lot upon which the building had been erected belonged to the daughter, subject to a right of dower in her mother. The appellee had made his contract in writing with Samuel McCarty. On the hearing, the court gave for the complainant the following instruction:

"If the jury shall believe, from the evidence, that the contract in question was made by McCarty on behalf of himself and Mrs. McCarty and Lucy J. Davis, and that he was authorized by them to make the same, (and that after the said Lucy J. became of age she received the rents and profits of the building erected under the contract, or any part thereof), then such contract is binding, although their names do not

appear in it, and it does not, on its face, purport to be their act."

The principle embodied in this instruction was repeated in several others, and we will first consider it in regard to the infant appellant. The lien in this class of cases arises from work done or materials furnished under an obligatory contract, and if the contract ceases to be binding the lien necessarily fails. An infant is not bound by his contract, except in certain cases, to which the erection of a building for rent does not belong. A conveyance or mortgage by him of his real estate would not be binding upon him, and the legislature certainly never intended to allow him to encumber his property, indirectly, by a contract for its improvement, when he can not do the same thing in a binding mode by an instrument executed expressly for the purpose. A minor who has nearly attained his majority may be as able, in fact, to protect his interests in a contract as a person who has passed that period. But the law must necessarily fix some precise age at which persons shall be held *sui juris*. It cannot measure the individual capacity in each case as it arises. It must hold the youth who has nearly reached his majority to be no more bound by his contract than a child of tender years, and neither in one case nor in the other can it permit a contractor to claim a lien against his property under the guise of a contract for improvement. This would expose minors to ruin at the hands of designing men. The mechanic who erects a building must take, like all other persons, the responsibility of ascertaining that he is contracting with a person who has reached the requisite age. We therefore hold it immaterial whether Lucy J. Davis, being then a minor, authorized McCarty to make this contract or not.

Neither do we consider her receipt of rents, after she became of age, such a ratification of the contract of McCarty, even though made, as the instruction says, in her behalf, as

would operate to create a lien against her. Ratification by an adult of a contract made by him when a minor is a question of intention. It can be inferred only from his free and voluntary acts or words. But it would be unreasonable to compel a minor to choose between the utter abandonment of his property and the creation of a lien upon it under a contract made during his minority, and to say, if he retains the property he ratifies the lien. If we were to hold that the mere receipt of rents amounted to a ratification, we should be taking from the minor the protection which the law designs to give him, for the builder might safely assume the minor would continue in the possession of his own property, and thus, by ratification, create a lien which the statute had not given when the contract was made. The builder might thus make what contract he could with the minor, under the assurance that, though the contract was not binding and the statute gave him no lien, one would nevertheless be worked out for him by a necessary ratification.

The court also, at the instance of the complainant, gave the following instruction:

"Any person is the owner of land, within the meaning of the statute relating to mechanic's liens, who has an interest for years in the property, by lease or otherwise, so as to entitle him to the rents and profits thereof."

It is insisted by appellee's counsel that this instruction is in accordance with the statute, which provides, "if the person who procures work to be done or materials furnished has an estate for life only, or any other estate less than a fee simple, in the land or lot on which the work is done or materials furnished, the person who procures the work or materials shall nevertheless be considered as the owner, within the meaning of this chapter."

The candor of counsel for appellee would have been less questionable if, in making this quotation from the statute, they had not stopped in the middle of the sentence. The provision of the statute is not that a person having a less estate than a fee simple shall be considered as the owner, but that he "shall be considered as the owner, within the meaning of this chapter, to the extent of his right and interest in the premises, and the lien herein provided for shall bind his whole estate therein in like manner as a mortgage would have done." As the legislature had, in the 1st section, given the lien, upon a contract with the *owner*, this provision was inserted in order to bring persons making contracts, and not technically the owners, within the operation of the statute to the extent of their interest or estate. The legislature was not guilty of the absurdity of undertaking to enact that a tenant for life or years could, by contract, create a lien upon the fee. This instruction should not have been given.

As to the appellant, Mrs. McCarty, it is impossible to determine, from this record, what her interest in this property is, as it does not appear whether her marriage with her present husband was contracted before or since the passage of the law of 1861 in regard to married women. We infer, however, that it was contracted before that date, and if her dower in this property was also assigned before the act was passed, it is clear the law could not divest her husband of the estate, during coverture, that he acquired by the marriage. *Rose* v. *Sanderson*, 38 Ill. 248. This estate in him would, of course, be subject to the lien. Whether the estate that would remain in the wife, should she survive him, would fall within the description of "sole and separate property," under the act of 1861, and whether a verbal contract made by her with a mechanic for its improvement would create a lien, are questions which counsel have not presented in their brief, and which we prefer not to decide without argument, upon a merely hypothetical state of facts. But, whatever may have

8—49TH ILL.

been the date of the marriage, the fourth instruction given for complainant was erroneous, both as to the wife and daughter. It was as follows:

"If the jury shall believe, from the evidence, that the contract in question was made by McCarty for himself, and also on behalf of his wife and daughter, and was ratified by both the wife and daughter by the receipt of the rents and profits of the building, or in any other way after said Lucy J. Davis became of age, and that any one of the said parties was the owner of the lot on which the building was placed, then such ownership of any of the three above named, is sufficient ownership to entitle the complainant to enforce a lien for any balance that may be due him under the contract, if there is, in fact, any balance due complainant under the same."

This instruction substantially tells the jury that the mere receipt of rents and profits from the building by Mrs. McCarty and Lucy J. Davis would have the effect of creating a lien, even though they had neither made the contract themselves nor authorized it to be made for them, and independent of all knowledge on their part as to the nature of the contract upon which the building was being erected. Even admitting them to have both been competent to contract, certainly the mere fact that McCarty made a contract for them, without their authority or knowledge, would neither bind them nor compel them to submit to a lien merely as a consequence of receiving rent. If they had been competent to contract, and knew that the building was being erected under a contract made in their behalf, by a person claiming authority to bind them, and had permitted the contractor to proceed under that belief, a very different question would be presented. We find no facts in this record from which it must be presumed, as a necessary inference, that McCarty would not have erected a building except upon a contract made in their name, and that they

must have known the contractor was acting under such a belief. Perhaps such an inference might be drawn by a jury, but there is nothing to justify the court so far to assume it as to instruct that the receipt of rents and profits would create a lien. If the husband had an estate during coverture, it is certainly not impossible that he would have made the contract in his own name and on his own credit.

For the errors indicated in the foregoing opinion the decree must be reversed.

As there is to be another hearing, it is unnecessary for us to discuss the question of damages.

*Decree reversed.*