(96 South. 144)

### RICHARDSON et al. v. LITTLE.
### (8 Div. 420.)

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied May 3, 1923.)

**Mechanic's lien ⊙═67—Cannot be based on minor's contract.**

Since under Code 1907, § 4754 et seq., a binding contract, express or implied, to pay for improvements on real property, or an effectual subsequent ratification of such a contract, is essential to the creation or existence of a mechanic's or materialman's lien, a minor's contract cannot be the basis for the perfection or imposition of such lien on his land.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Bill of T. B. Little against Mrs. R. A. Richardson and others. Decree for complainant, and respondents appeal. Reversed and remanded.

The bill alleges that Bessie, Clinton, Eura, and Ruth Richardson, each under the age of 21 years, jointly own certain realty in Lauderdale county, Ala.; that under a contract with Mrs. R. A. Richardson (mother of the minors), Bessie Richardson, and Eura Richardson, Adkisson & McComb Company install-

ed certain plumbing fixtures in the premises, for the price of which Bessie Richardson and Mrs. R. A. Richardson executed their promissory notes to said Adkisson & McComb Company; that said notes were by the payees transferred to Alabama Trust & Savings Bank, and by the bank transferred to complainant; that no payments have been made thereon; and that complainant has filed in the office of the probate judge a verified statement claiming a lien on the undivided interests of Bessie and Eura Richardson in the property in question.

The prayer is that a lien in favor of complainant be fastened upon the interest of Bessie and Eura Richardson; that the property be sold to satisfy the same, etc.

Demurrers of respondents raised the objection that it was not shown that the materials furnished were necessities for which an infant may be bound.

Andrews & Peach and Clopper Almon, all of Sheffield, for appellants.

A mechanic's or materialman's lien is the creation of statute, and cannot be secured, except by strict compliance therewith. Since a contract is necessary, and minors cannot execute a binding contract, there can be no lien in this case. Code 1907, § 4754.

Geo. E. Barnett, of Florence, for appellee.

An infant cannot create an estoppel against himself, but a court of equity has power to elect for him, and will not allow him to receive and hold benefits under his contract and at the same time repudiate the same. Equitable estoppel of this character applies to infants as well as adults. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Hobbs v. N., C. & St. L. Ry., 122 Ala. 602, 26 South. 139, 82 Am. St. Rep. 103; Am. Freehold Land Mtg. Co. v. Dykes, 111 Ala. 178, 18 South. 292, 56 Am. St. Rep. 38; Rivers v. Durr, 46 Ala. 418.

McCLELLAN, J. Since a binding contract, express or implied, to pay for improvements made on real property, or an effectual subsequent ratification of such a contract, is essential to the creation or to the existence of a mechanic's or materialman's lien (Code, § 4754 et seq.), it is well decided that a minor cannot so contract as to afford the necessary basis for the perfection or imposition of such statutory lien upon the minor's real estate. Phillips on Mechanics' Liens, §§ 108, 109; Rockel on Mec. Liens, §§ 29; McCarty v. Carter, 49 Ill. 53, 95 Am. Dec. 572; Hall v. Acken, 47 N. J. Law, 340; 27 Cyc. p. 65. In Phillips' work, § 108, it is aptly said:

"As the mechanics' lien arises from work done and materials furnished under an obligatory contract, if the contract be not binding, the lien necessarily fails. An infant is not

bound by his contract except in certain cases, in which the erection of a building is not included. A conveyance or mortgage by him of his real estate would not be binding upon him; and Legislatures are certainly not to be presumed to have intended to allow him to encumber his property, indirectly, by a contract for its improvement, when he cannot do the same thing in a binding mode by an instrument executed expressly for the purpose. A minor who has nearly reached his majority may be as able, in fact, to protect his interests in a contract as a person who has passed that period. But the law must necessarily fix some precise age at which persons shall be held sui juris. It cannot measure the individual capacity in each case as it arises. It must hold the youth who has nearly reached his majority to be no more bound by his contract than a child of tender years; and neither in one case nor in the other can it permit a contractor to claim a lien against his property under the guise of a contract for improvement. This would expose minors to ruin at the hands of designing men. The mechanic who erects a building must take, like all other persons, the responsibility of ascertaining that he is contracting with a person who has reached the requisite age. * * * There can be no lien upon the land of a minor under the mechanics' lien law; for the lien given thereby is (except in the case of the land of married women, as to which there is an express provision for lien) incident only to a legal liability to pay, which a minor is not competent to incur for building upon his land. A lien cannot be acquired upon the property of an infant for work and labor supplied under contract with the infant."

There is no support in this record for the view that effective ratification of the contract in question has been accomplished.

The deserved application of the stated doctrine requires the reversal of the decree under review.

Reversed and remanded.

ANDERSON, C. J., SOMERVILLE and THOMAS, JJ., concur.