(96 South. 145)

## RICHARDSON et al. v. WALDEN et al.
### (8 Div. 419.)

(Supreme Court of Alabama. April 19, 1923.)

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Bill of I. M. Walden and another against Bessie Richardson and others. Decree for complainants, and respondents appeal. Reversed and rendered.

The bill alleges that the respondents, each a minor, are joint owners and in peaceable possession of the realty in controversy; that Bessie Richardson, one of the respondents and joint owners, ordered certain repairs to be made by complainants upon the premises; that, in pursuance of said order, the work was done, and within six months of its completion a declaration of lien was filed in the probate office; that the lien is claimed only to the extent of the interest of Bessie Richardson. The prayer of the bill is for the declaration of a lien in favor of complainant to the extent indicated, and for a sale of the property to satisfy such lien.

The answer set up the defense that at the time the alleged contract was entered into Bessie Richardson was a minor, without capacity to enter into a contract that would bind her or her property rights.

Andrews & Peach and Clopper Almon, all of Sheffield, for appellants.

Under the statute, no lien can be created without a contract with the owner or proprietor, or his agent or trustee. Hence, if a minor cannot make a valid contract, the minor cannot fasten a lien on his property. Code 1907, § 4754.

Wm. Milliken, of Florence, for appellees.

The lien is the creation of law, not of contract. A proceeding for the purpose of fastening a lien does not contemplate a personal judgment, but a charge against the property. The law makes binding in such cases decrees

against the property of minors. A void contract will not avail, but a minor's contract is not ipso facto void. Crawford v. Sterling, 155 Ala. 511, 46 South. 849; King v. Woodlawn Lbr. Co., 201 Ala. 539, 78 South. 893; Porter v. Miles, 67 Ala. 130; Code 1907, §§ 4768, 4782.

SOMERVILLE, J. The decisive question in this case is whether or not a minor can so contract with a mechanic or materialman as to fasten a lien on the minor's property under section 4754 of the Code.

This question has been recently considered by this court in R. A. Richardson et al. v. T. B. Little, 96 South. 144,[1] wherein it was ruled that a minor could not so contract, and the existence of the lien was denied.

On the authority of that case the decree herein must be pronounced erroneous.

The decree of the circuit court, in equity, will be reversed, and a decree will be here rendered denying relief and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.