(106 So. 42)

## THORNTON et ux. v. VINES.  (6 Div. 381.)

(Supreme Court of Alabama. Oct. 29, 1925.)

**1. Sales ⟜52(1)—Under common count for goods sold and for money due by account, it must be shown that goods were sold directly to defendant or that payment had been assumed as primary obligation.**

Under common counts for money due by account and for goods sold and delivered, it was necessary for seller to show what building materials used in construction of defendants' house were sold directly to them, or that payment had been assumed as primary obligation and for valuable consideration.

**2. Mechanics' liens ⟜99(1)—Failure of owner to object to notice of materialman's intentions to furnish materials to contractor gave materialman lien on premises.**

Where materialman, before furnishing materials to contractor, notified owner of his intention so to do, failure of owner to object thereto and to notify materialman in writing that he would not be responsible for price, gave materialman lien for full price of materials furnished, under Code 1923, § 8832.

**3. Mechanics' liens ⟜94—Proof necessary for recovery for material furnished for buildings on defendants' land stated.**

Under count for materials furnished for buildings on defendants' land, plaintiff must prove that he was solicited by defendants' agent and agreed to sell building materials, on defendants' assurance that price would be paid, and that he had notified defendants in writing before delivery that he would look to them for payment, and that defendants had acknowledged same and assumed payment.

**4. Sales ⟜52(6)—Evidence held insufficient for recovery as original contractor for materials furnished for buildings on defendants' land.**

In action to recover for materials furnished for buildings on defendants' land, *held* that, evidence was against plaintiff's right to recover as original contractor with defendants, as far as any personal obligation to pay for materials is concerned.

**5. Mechanics' liens ⟜132(3)—Claim for materials, filed more than 4 months after order, too late unless status of original contractor is sustained.**

Under Code 1923, § 8836, claim for materials furnished in construction of buildings, filed more than 4 months from date of order, is too late unless status of original contractor with owners of property can be sustained.

**6. Mechanics' liens ⟜289—Instruction placing burden on defendant to show materials were not used in buildings held erroneous.**

In action to recover for materials furnished contractor and used in buildings on defendants' land, instruction that, if plaintiff had satisfied jury that materials were delivered on premises, burden was on defendants to show they were not used in buildings, *held* erroneous, in view of evidence that large part of materials

was not used in buildings, and that contractor had no authority to purchase materials on defendants' account.

Appeal from Circuit Court, Jefferson County; J. E. Bowron, Special Judge.

Action by L. R. Vines, doing business as the Ensley Lumber Company, against Will Thornton and Callie Thornton. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The complaint contains four common counts, for money due by account, and for goods sold and delivered, and one special count (No. 5) setting up a materialman's lien.

Count 5 claims $1,207.27 "for building material furnished defendants, which was wrought into buildings on land belonging to the defendants," and furnished prior to October 15, 1923. It then continues:

"Plaintiff further avers that the construction of the houses into which said building material was wrought was in charge of one G. W. Pearson, defendants' agent; that the plaintiff was solicited by defendants and defendants' said agent, G. W. Pearson, for the purchase of building material to be wrought in the houses erected on the land above described; that plaintiff did agree to sell defendants certain building materials on the assurance from defendants that the purchase price for the same would be paid to the plaintiff, and, prior to the delivery of said material, he delivered to the defendants a notice in writing that he would look to them for the payment of the purchase price of said material, solicited and delivered as above set out, and that upon receipt of the certain notice above set out by plaintiff, defendants acknowledged same and again agreed to assume payment of the purchase price of all material delivered defendants on the above described property.

"Plaintiff further avers that on the 4th day of February, 1924, he filed in the probate court of Jefferson county, Ala., where defendants' said land, on which said improvements were erected, is located, plaintiff's verified statement of his account with defendants, which is in words and figures as follows: [Setting it out.]"

The evidence is stated and discussed in the opinion.

The notice given to defendants, as shown by the evidence, was as follows:

"Ensley, Ala., July 5, 1923.

"To Will Thornton, 15th Ave. and 15th Street, Birmingham, Ala.: The undersigned will furnish to George Pearson, contractor, the following building materials: lumber, brick, lime, cement, roofing, and other miscellaneous material, at the following specified prices, estimated at $1,850, for use in the erection of a building or improvement on your land described as follows: 15th avenue and 15th street, Ensley, Ala.

"This notice is given you as the owner of said land by the undersigned before furnishing said contractor any of said materials.

"Ensley Lumber Company,
"By ————."

There was a verdict for $1,306.53, with lien on the property described, with judgment accordingly, and defendants appeal.

M. L. Ward, Oliver Henderson, and Harsh, Harsh & Harsh, all of Birmingham, for appellants.

Defendants were entitled to the affirmative charge as to count 5. Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016; Cranford Mer. Co. v. Wells, 195 Ala. 251, 70 So. 666; Code 1907, § 4758; A. & G. L. Co. v. Tisdale, 139 Ala. 250, 36 So. 618; Robinson v. Crotwell, 167 Ala. 566, 52· So. 733; Lee v. King, 99 Ala. 246, 13 So. 506; May & Thomas v. McConnell, 102 Ala. 577, 14 So. 768. The burden was upon plaintiff to show an express contract with defendants for furnishing the materials; an implied contract was not sufficient. Church v. Wood, 205 Ala. 442, 88 So. 433; Code 1907, § 4758; Cranford Mer. Co. v. Wells, supra. The burden was not upon defendants to show the materials did not go into the homes. Robinson v. Crotwell, supra; Lee v. King, supra; May & Thomas v. McConnell, supra. Where the verdict is against the weight of the evidence, motion to set aside should be granted. Mooneyham v. Herring, 204 Ala. 332, 85 So. 390; Ætna Exp. Co. v. Schaeffer, 209 Ala. 77, 95 So. 351.

J. Q. Smith and B. F. Smith, both of Birmingham, for appellee.

Count 5 was sufficient. McGeever v. Harris & Sons, 148 Ala. 503, 41 So. 930. The affirmative charge should not be given, when there is any evidence tending to establish the case of the other party. Henry v. McNamara, 114 Ala. 107, 22 So. 428; Bromley v. Railroad Co., 95 Ala. 397, 11 So. 341; Baker v. Patterson, 171 Ala. 88, 55 So. 135.

SOMERVILLE, J. [1] Under the first four counts of the complaint it was necessary for plaintiff to show to the reasonable satisfaction of the jury that the building materials used in the construction of defendants' houses were sold directly to them so that they became personally liable for the purchase price, or else that for a valuable consideration they assumed its payment as a primary obligation of their own, not merely as equitable garnishees of a debt due primarily from the contractor alone.

[2] When the materialman, before he furnishes materials to the contractor, notifies the owner of his intention so to do, the failure of the owner to object thereto, and to notify the materialman in writing that he will not be responsible for the price, gives to the materialman a lien for the full price of the materials furnished as specified in the notice. Code 1923, § 8832 (Code 1907, § 2723). But it very clearly does not make the owner personally liable as the primary purchaser of the materials.

[3] Under the fifth count plaintiff could not recover unless he proved its material allegations, among others: (1) That he "was solicited by defendants and defendants' said agent, G. W. Pearson, for the purchase of building material"; (2) that "plaintiff did agree to sell defendants certain building materials on the assurance from defendants that the purchase price for same would be paid to the plaintiff"; (3) that prior to the delivery of the material plaintiff notified the defendants in writing that "he would look to them for the payment of the purchase price"; and (4) that "defendants acknowledged same, and again agreed to assume payment of the purchase price of all material delivered defendants on the above-described property."

We have examined the testimony of all the witnesses, and also examined the documentary evidence, with the most critical care, and we are convinced beyond a reasonable doubt that the building materials were sold to G. W. Pearson, the contractor, and not to these defendants; that Pearson was the primary debtor, and that these defendants became liable, and were intended to be made and held liable, only as the owners of the property, by virtue of the lien given to plaintiff by the statute, and the notice given to them by plaintiff as owners of the property and not as purchasers of the materials. Indeed, it is doubtful if there is anything in the evidence to contradict this conclusion, and the notice given defendants by plaintiff is in itself morally conclusive of the relations of the three parties concerned—the owners, the contractor, and the materialman. If plaintiff sold the materials to defendants, why notify them as owners of the land that he was delivering them to George Pearson, contractor? Obviously, for the purpose of enlarging his lien on the property so as to cover the full price of the materials furnished instead of merely any unpaid balance due the contractor.

McWilliams, the principal witness for plaintiff, testified, as did plaintiff himself, that defendants stated, in conversations with them about the payment for materials, that when they got a loan of money on the property the payment would be made. But this was evidently not a contractual assumption of Pearson's indebtedness for the materials, but merely a recognition of their indirect liability through the lien on their property; and they were contemplating the usual course of holding out money due the contractor and paying the lienholder directly, to the extent of his lien. As McWilliams testified: "The defendant Will Thornton had been notified all along not to pay any more money to the contractor." Why insist upon holding back money from the contractor if it was due primarily and directly from defendants to plaintiff? This inconsistency is not susceptible of satisfactory explanation.

[4] Our conclusion is that the overwhelming weight of the evidence was against plaintiff's right to recover as an original contractor with defendants as for any personal obligation to pay for the materials, and that the jury misunderstood the evidence and the issues involved. We therefore hold that the motion for a new trial should have been granted, and that its refusal was error requiring a reversal of the judgment. We have not undertaken to draw any distinction between the status of the two defendants, Will Thornton and his wife, Callie, since the former was the owner of the property on the record, and dealings with him were binding upon both in so far as they were binding at all.

[5] It should be noted, perhaps, that by the express terms of the sales of materials the price was due in 30 days from the date of the order. The orders being entered on July 10th and 12th, the indebtedness accrued on August 9th and 11th, and the claim of lien should have been filed within four months, by December 11th, unless plaintiff can sustain the status of an original contractor with the owners of the property. Otherwise the claim was filed too late to be effective. Code 1923, § 8836.

We pretermit consideration of a number of technical questions presented by counsel for appellants as unnecessary in view of the conclusions we have stated. One other matter, however, deserves attention:

The tendency of defendants' evidence was to the effect that they did not make any contract with plaintiff as to the materials furnished, and did not know, until most of it had been delivered and used, that it came from plaintiff; and further that a large part of the materials in question did not go into the houses. And it appeared without dispute that George Pearson, the contractor, was not the agent of defendants, but was an independent contractor, and that he was not authorized to purchase materials for or on account of defendants.

[6] Under this state of the evidence, the trial judge erroneously instructed the jury that:

"If the plaintiff * * * reasonably satisfied you that the materials were delivered to the premises, the burden of proof is then on the defendant, or both, or either of them, to reasonably satisfy (you) from the evidence that the material did not go into those buildings, or all of it or some of it did not go into those buildings." May & Thomas Hardware Co. v. McConnell, 102 Ala. 577, 581, 14 So. 768.

In such a case, as the jury might have found, the burden of proof would have been on plaintiff to show that the materials claimed for went into the buildings.

The judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.