**AVONDALE LUMBER CO. v. HUDSON.**
(6 Div. 552.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. Mechanics' liens ⬥═⇒273 — Allegation establishing materialman's lien held not demurrable.

Lumber company's cross-bill, alleging that contractor, who was charged with duty to furnish materials for building, dealt with such company as agent of owner, buying on her credit, with her knowledge and consent, established lien within first alternative of Code 1923, § 8832, relative to materialmen's liens, and was not demurrable; issue being presented by answer.

2. Mechanics' liens ⬥═⇒273—Cross-bill held to set up claim under both phases of statute.

Where lumber company's cross-bill had set up materialman's lien under first alternative of Code 1923, § 8832, relating to such liens, but amendment thereto injected claim under second alternative, and lumber company contended amendment was merely cumulative averment, supporting first claim, trial court rightly *held*, that cross-bill, construed most strongly against pleader, set up claim under both phases of statute.

3. Mechanics' liens ⬥═⇒271(14)—Claim not alleging notice as required by statute held demurrable.

Claim for materialman's lien, set up under both alternatives of statute, which did not aver that notice to owner specified material and gave certain specified prices as required by Code 1907, § 4754, governing case, was subject to demurrer.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Mrs. Jackie N. Hudson against T. M. Martin, Avondale Lumber Company, and others, and cross-bill by Avondale Lumber Company. From a decree on demurrer, cross-complainant appeals. Affirmed.

Murphy & Hanna and Jerone Edmundson, all of Birmingham, for appellant.

Appellant might have sued both appellee and the contractor as for goods sold directly to the owner and in the aspect that the owner was surety for the contractor. Code 1907, § 4754; Trammell v. Hudmon, 78 Ala. 222. The statute does not require allegation of notice and that notice contain an itemized statement. Code 1907, § 4754.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

No lien attaches, unless notice is given specifying the articles and prices. Code 1907, § 4754; Richardson v. Little, 209 Ala. 351, 96 So. 144. The cross-bill contains inconsistent conjunctive averments and is without equity. Union B. & T. Co. v. Powell (Ala. Sup.) 53 So. 809.

BOULDIN, J. This is a bill in equity to adjust mechanics' liens. The original bill, filed by Mrs. Jackie N. Hudson, the owner of the property, alleges the building was erected by respondent T. M. Martin, an original contractor, pursuant to a contract in writing; alleges omissions and defects in construction and materials, for which complainant seeks an abatement of the contract price; alleges that certain materialmen, subcontractors, and laborers claim liens on the building exceeding the unpaid balance, if any, due the contractor. These are made parties respondent; and complainant prays the amount of their several liens be ascertained, and the un-

---

⬥═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

paid balance due the contractor be apportioned among them.

Avondale Lumber Company, one of the respondents, by answer and cross-bill, claims a materialman's lien for the full amount due without regard to the balance due the contractor. Demurrer to the cross-bill, as amended, was sustained, and, from this decree, the appeal is taken.

There are two events in which one who furnishes material to be used, and which is used, in the building shall have a lien for the full price: First, when furnished "under and by virtue of any contract with the owner or proprietor thereof, or his agent"; Second, when notice in writing is given to the owner that "certain specified material" at "certain specified prices" will be furnished to the contractor, unless the owner, on receiving such notice, shall give a return notice in writing, before the material is used, that he will not be responsible for the price. Code, § 8832 (4754).

The last amendment to the cross-bill reads:

"That said building material was furnished by cross-complainant, its agents, officers, or employees after written notice by this cross-complainant had been served upon the said Mrs. Jackie N. Hudson that cross-complainant would furnish said building material and before the said Mrs. Jackie N. Hudson or her agent objected thereto; that said building material was furnished on the faith and credit of the said Mrs. Jackie N. Hudson and charged to her account at her instance and request."

This clause is added to section 6 of the cross-bill, setting out the grounds on which the lien is claimed for the full price. The cross-bill, before amendment, alleged that cross-complainant, "as principal contractor, entered into an agreement with the said Mrs. Jackie N. Hudson or her agent, T. M. Martin, with the said Mrs. Jackie N. Hudson's knowledge and consent, to furnish" building materials to be used, and which were used, in the building, and thereby Mrs. Hudson became indebted in the sum named. The amendment adds that the materials were furnished on her faith and credit, and charged to her account at her instance and request.

[1] These averments bring cross-complainant within the class of an original contractor under the first alternative of the statute. Although Martin was a contractor, charged with the duty to furnish materials, if he dealt with materialmen, not as a contractor, but as an agent of the owner, buying on her credit, with her knowledge and consent, to be charged to her account at her instance and request, it became the debt of the owner. This feature of the cross-bill was not subject to demurrer. The issue is presented by answer. Guarenire v. Bessemer Lbr. Co. (Ala. Sup.) 106 So. 49;[1] Thornton v. Vines (Ala. Sup.) 106 So. 42;[2] Murray v. Bessemer Lbr. Co. (Ala. Sup.) 104 So. 649;[3] McGeever v. Harris, 148 Ala. 503, 41 So. 930; Wahouma Drug Co. v. Kirkpatrick S. & C. Co., 187 Ala. 318, 65 So. 825; Trammell v. Hudmon, 78 Ala. 222; Presbyterian Church v. Wood Lbr. Co., 205 Ala. 442, 88 So. 433; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276.

[2] But the last amendment to the bill we think injected into the cross-bill a claim under the second alternative of the statute, viz.: That the material was furnished after written notice to the owner that claimant would furnish same, and before objection thereto. Appellant in argument seems to treat this as merely a cumulative averment in support of the claim as original contractor. The two averments are distinct in character, predicating liability on different grounds: One, that written notice had been given, followed by mere silence of the owner; the other, a positive assent constituting owner the purchaser of the material. Construed most strongly against the pleader, the trial court was justified in holding the claim was set up under both phases of the statute.

[3] The amended bill does not aver that the notice "specified" the material proposed to be furnished. The statute expressly so declares. The aim is to apprise the owner that the material is of the class and quantity specified for the building. Neither does the bill aver the notice gave "certain specified prices." The reason for this requirement is obvious. For these defects, the bill as amended was subject to apt grounds of demurrer Nos. 12 and 13, and there was no error in sustaining the demurrer.

The present case is governed by section 4754, Code of 1907. We note that this section, brought forward as 8832 of the Code of 1923, was amended by the Code committee so as to prescribe a form of notice which is declared sufficient. This form neither calls for a specification of the material nor the prices for same. In this it is a distinct departure from the Code of 1907.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

214 Ala.—9

---

[1] Ante, p. 8.   [2] 213 Ala. 646.   [3] 213 Ala. 232.