FAULKNER, Justice.
This is an appeal from an order of the Circuit Court of Baldwin County granting summary judgment against Nelson-American. We affirm.
The first appeal in this case was dismissed because it was not from a final judgment. Nelson-American Developers, Ltd. v. Eneo Engineering Corporation, 295 Ala. 185, 326 So.2d 103 (1976). This court held there that the dismissal did not preclude the trial court from vacating its prior order and entering one conforming with Rule 54(b). ' The trial court, on motion by Nelson-American joined in by Eneo, vacated and set aside its prior judgment. The trial court then made a finding, and entered judgment against Nelson-American and Union Mutual Life Insurance, pursuant to *730 Rule 54(b) ARCP. Only Nelson-American filed an appeal from the order.

The Facts

Nelson-American contracted with Eneo, a general contractor, to build a shopping center on April 4, 1973. The contract called for periodic progress payments, and a final payment due 30 days after substantial completion. The architect made a final inspection of the project on July 8 and 9, 1974. A punch list of outstanding items was agreed upon; these were completed, and the architect was notified on July 16. On July 15, the managing partner of Nelson-American inspected the shopping center, and an estimate of the remaining balance due Eneo under the contract was given to him. On July 18, a final statement of $278,157.64 was sent to Nelson-American. Nelson-American notified Eneo that it was financially unable to pay the bill, and wrote a letter, dated August 20, offering to give Eneo a promissory note for the balance due on this project, plus the remainder due on a separate project in Selma. Meanwhile, Eneo, having completed the project on July 18, filed its notice of lien in the Probate Office on July 22, and filed suit to enforce its lien on July 30.
Nelson-American’s motion to dismiss having been overruled, it filed an answer alleging that the work done by Enco was not in a workmanlike manner; that numerous complaints had been received from sub-lessees about the defects in the construction, and that the lien statute, § 37, Title 33, Code of Alabama, is unconstitutional.
Eneo moved for summary judgment, based upon the pleadings, interrogatory answers, the deposition of Nelson-American’s managing partner, the affidavit of the Vice-President of Eneo, and exhibits attached thereto. The court, also, considered Nelson-American’s last amended answer, its counterclaim, and affidavits filed in opposition to the summary judgment.
In reviewing the evidence before the court, it appears that money was the root of the problem. Eneo needed its money under the contract, and Nelson-American, at the time of completion of the contract, did not have the financial ability to pay. The. “un-workmanlike manner” claim does not appear to have been an issue until the lien was filed, and suit filed to enforce it, although there were some complaints from the tenants. However, Nelson-American, in its final inspection neither complained of any unworkmanlike construction of the project, nor did it question the total balance due, until, in an affidavit by Henry Nelson on February 3, 1975, after his inspection on July 15, 1974, he said $255,000 was due, “assuming all items of work have been satisfactorily completed.” His testimony by deposition indicated he did not know the actual amount owed Eneo. He said that he had received complaints from the tenants, and that the permanent lenders had not yet accepted the work to the point of advancing him the remainder of the money.
The manager of Winn-Dixie Food Store, a tenant, by affidavit dated February 4, 1975, said a large concrete slab behind his building had been allowed to wash to the point that it had toppled and severed sewer lines, and endangered the severing of the natural gas line.
The Vice-President of Eneo filed a second affidavit, dated April 1, repudiating Nelson-American’s claim of additional work needed in completing the project.
The principal issues raised in this appeal are (1) the constitutionality of the lien statute; (2) whether Enco’s complaint stated a cause of action, and (3) whether the trial court correctly granted summary judgment against Nelson-American.

Constitutionality of the Mechanic’s Lien Statute

Provision for a lien for work and labor done, and materials furnished for construction go back almost to the beginning of Alabama statehood. The first statute providing for a mechanic’s lien was enacted in 1821. Act 9, Aikin’s Digest of the Laws of the State of Alabama (1821). This Act provided that masterbuilders and mechanics of every denomination contracting in writ *731 ing and erecting a building of any description shall have a lien on the building for work, labor, and materials provided and used in its construction. The written contract had to be recorded in the clerk’s office of the county court, for the county where the contract was made within 30 days after the execution of the contract. Recording was for the purpose of inspection and examination of all persons whom it may concern. Enforcement of the lien could be done by arbitration, and a suit in a court of competent jurisdiction.
The mechanic’s lien statute appearing in the 1852 Code of Alabama provided:
1. Mechanic’s lien for labor and materials furnished for a building.
2. The contract must be in writing, signed by the parties, and registered in the Probate Office where the “lands lie” within 60 days after execution.
3. The lien was subordinate to existing mortgages, deed of trust or other in-cumbrances required by law to be recorded.
4. The lien could be discharged by giving the builder sufficient surety.
5. Changes in the contract did not impair the lien, and were effectual against freehold or less estate, and whether the title was legal or equitable.
6. The lien could be enforced in equity, or by execution after a judgment at law obtained. Other property of the contracting party could be levied upon.
7. The lien was barred unless proceedings in equity or at law were not commenced within 90 days after completion of the work, or supply of the materials.
Section 4754 of the 1907 Code and § 37, Title 33 of the 1940 Code are virtually identical in providing for a mechanic’s lien for work, or labor upon, or furnishing materials for, any building under a contract. In fact, the 1907 Code and the 1940 Code pertaining to mechanic’s liens are practically' the same.
Under § 37, T. 33 of the Code of Alabama 1940, there are two events giving rise to a lien: first, when the material is furnished under a contract or an effectual subsequent ratification of the contract, Richardson v. Little, 209 Ala. 351, 96 So. 144 (1923); second, when notice is given the owner that certain material will be furnished and he fails to give notice that he will not be responsible. Avondale Lumber Co. v. Hudson, 214 Ala. 128, 106 So. 803 (1926). To establish the mechanic’s lien, a verified statement must be filed in the Probate Judge’s office. § 41, Title 33, Code of Alabama 1940. The filing of the verified statement constitutes notice to purchasers and creditors. Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266 (1937). This vérified statement must be filed within 6 months after the last item of work or material furnished, in the case of the original contractor, and suit to enforce the lien must be commenced within six months after maturity of the entire indebtedness (§ 42, Title 33), in the Circuit Court or a court of like jurisdiction, by summons and complaint. § 49, Title 33.
We hold the mechanic’s lien statute to be constitutional as it applies to realty cases. The statute provides notice, the fountainhead of due process, and an opportunity to be heard. The filing of a notice of a lien does not dispossess the owner of the property. In this regard, we note Nelson-American is in possession of the property, and collecting rents.
The consumer protection cases, Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and Mitchell v. W. T. Grant, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), cited by Nelson-American as its authority that the lien statute is unconstitutional, are, on the other hand, support for Enco’s position. In fact, Fuentes says notice and a right to be heard must be granted at a time when deprivation can be prevented. Our statute clearly provides for notice and a right to be heard before the owner loses his property. In Mitchell the Louisiana sequestration statute *732 did not provide for notice or a hearing. Again, we say, our lien statute provides for those constitutional safeguards of notice, and a right to a hearing, before the taking of the property.

The Motion to Dismiss

The bill of complaint to enforce the lien alleged that the lien was claimed on property which was described; that notice had been filed in the Probate Judge’s office; that the lien was based upon a written contract for the construction of buildings on the described property; that the lien was for the unpaid balance due under the contract. Thus, the complaint sufficiently complied with the provision of § 49, Title 33, Code of Alabama 1940. Cf. Stoughton v. Cole Supply, Inc., 273 Ala. 383, 141 So.2d 173 (1962); Rule 8(a), (e), (f) ARCP.

The Summary Judgment

This court held in Folmar v. Montgomery Fair Co., Inc., 293 Ala. 686, 309 So.2d 818 (1975) that the party moving for summary judgment must clearly establish that the other party could not recover under any discernible circumstances. And, this court said in Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975), the mov-ant for summary judgment has the burden to show that there is no genuine issue of a material fact left in the case. We opine the movant in this case has met the burden. Here, the evidence of Eneo shows that it constructed buildings under a written contract which is unambiguous.
The work was performed pursuant to the contract, and Nelson-American admitted the balance due, and payable. At the completion of the contract, Nelson-American did not complain of any unworkmanlike work. Its punch list of incomplete items was agreed to and performed by Eneo. The trial court withheld judgment on Nelson-American’s counterclaim of $23,000. It is still pending. The defects alleged in a tenant’s affidavit can be repaired under the builder’s warranty, as well as any other defects in the buildings.
We hold that the evidence of the case shows there is no genuine issue as to any material fact, and Eneo is entitled to summary judgment as a matter of law.
AFFIRMED.
HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.