HOLMES, Judge.
This is an action to enforce a material-man’s lien.
The plaintiff, John Lee Paint Company, sued the defendant to establish a material- *474 man’s lien. The trial court, after an ore tenus hearing, entered judgment for the plaintiff in the amount of $1,307. The plaintiff appeals, contending the amount of the lien established by the trial court is not supported by the evidence. Specifically, the plaintiff argues that the amount of the judgment should have been approximately $7,000.
The defendant cross appeals and maintains that the trial court erred in that there was insufficient proof to establish plaintiff’s entitlement to the statutory lien.
The dispositive issues before us are (1) whether there is evidence to support the trial court’s finding that the plaintiff is entitled to a materialman’s lien and, (2) whether the evidence supports the amount of the lien awarded the plaintiff. We answer both issues in the affirmative and affirm the verdict of the court below.
Viewing the record with the attendant presumption of correctness, we find the following: The defendant is the record titleholder of the Parktowne apartments, having purchased said property from the Singer Housing Company in September, 1976. The defendant gave a mortgage on the land to Molton, Allen and Williams in the same month. The defendant, through its managing partner, the Mitchell Company, was constructing improvements on this land. One of the independent contractors on the construction project during the spring and summer of 1977 was a Mr. Marvin Hicks, a paint contractor.
The plaintiff in this action sold paint and other supplies to Mr. Hicks for use and incorporation into the defendant’s apartment complex. In June of 1977, the plaintiff, because Mr. Hicks was in arrears on his account with the plaintiff, refused to extend further credit to Mr. Hicks for painting materials until it was paid.
After plaintiff refused to make further deliveries to the defendant’s property, a Mr. C. D. Walters, apparently an agent of the defendant by virtue of being the project superintendent of the defendant’s managing partner, the Mitchell Company, telephoned the plaintiff to inquire as to the reasons why the plaintiff had ceased delivering supplies to the project. This conversation between the plaintiff and defendant’s agent occurred sometime between the 3rd and 24th of June, 1977. The record reveals that in substance, C. D. Walters informed the plaintiff that he would make a check in the amount of $2,500 payable jointly to Hicks’s company and plaintiff, and that he wanted plaintiff “to keep the paint coming.”
Plaintiff recommenced delivering paint and supplies to the project on the strength of this conversation and ultimately delivered materials valued at $1,307.13, in addition to the debt previously owed it by Mr. Hicks. Prior to the conversation between the defendant’s agent and the plaintiff, Hicks owed plaintiff approximately $9,000.
Subsequently and pursuant to the requisites of Code of Ala.1975, § 35-11-210 et seq., the plaintiff timely filed its verified lien statement in the appropriate records of probate court establishing its right to mate-rialman’s lien. When the defendant refused to make payment on plaintiff’s $7,000 claim for the value of the construction materials, plaintiff brought an action to enforce the lien which resulted in this appeal.
At the outset we note that the trial court’s conclusions, after hearing the evidence, will be affirmed by this court when there is evidence to sustain the conclusions. Jabco, Inc. v. Kelly, Ala.Civ.App., 342 So.2d 791 (1977). The trial court’s decision will not be disturbed unless it is palpably wrong and manifestly unjust. Acker v. Protective Life Ins. Co., Ala., 353 So.2d 1150 (1977).
The defendant in its cross appeal maintains that the plaintiff is not entitled to the statutory lien because such a lien can only be asserted against the record titleholder of the land and improvements. Defendant argues that there was insufficient evidence presented at trial to establish that the defendant is in fact such an owner.
Specifically, the defendant contends that, notwithstanding the fact that there is proof it is the owner of the land, it is encumbent on the plaintiff to prove that *475 the defendant is the owner of both the land and the improvements on the land as well, and in this, plaintiff has not sustained its burden of proof. We do not agree with defendant’s assertion.
Our cases hold that when the defendant is the record titleholder of the land at the time the supplier furnishes construction materials, the lien attaches to the improvements and on the land on which the same are situated to the extent of all the right, title, and interest therein of the owner. Code of Ala.1975, § 35-11-210. See, e. g., City Realty & Mortgage Co. v. Tallapoosa Lumber Co., 231 Ala. 238, 164 So. 55 (1935); Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157 (1891). Further, once the supplier produces proof of delivery of materials to the building site, a prima facie presumption arises that the materials delivered were in fact incorporated into the improvements on the land and it then becomes the burden of the owner to show that they were not so used. Southern Sash of Huntsville, Inc. v. Jean, 285 Ala. 705, 235 So.2d 842 (1970).
In the case before us, the record reveals that plaintiff introduced into evidence both a deed and a mortgage which conclusively established that the defendant was in fact the record owner of the property at the time the plaintiff supplied materials for the project. Additionally, there was adequate evidence that the plaintiff delivered materials to the construction site without any corresponding rebuttal proof by the defendant that the materials were not in fact incorporated into the improvement. Therefore, under the authority noted above, we find no error in the conclusion that the plaintiff sustained its burden of proof that its lien attached to the land and improvements of the defendant to the extent of the defendant’s right, title, and interest therein. Southern Sash; City Realty; and Wimberly, supra.
Defendant further contends in its cross appeal that the plaintiff is not entitled to the statutory lien of an “original contractor” because there was insufficient evidence presented at trial to support the conclusion that Mr. C. D. Walters was an agent of the defendant and thus could not validly bind the defendant to a contract with the plaintiff. We disagree with this contention for the reasons noted below.
Initially, we note that the learned trial judge went to some length to ensure that plaintiff’s proof established the status of Mr. Walters as an agent of the defendant. Clearly, an agent may validly contract with a materialman and thus bind his principal as the owner of realty, and thereby create statutory liability to the material-man under Alabama’s lien statute. See, e. g., Brown v. Oldham, 263 Ala. 76, 81 So.2d 331 (1955).
In the instant case, our review of the record reveals ample evidence to support the trial court’s conclusion that Mr. Walters was in fact the agent of defendant and that the defendant’s agent validly bound the defendant to pay for materials used in the improvements to the defendant’s property. Particularly, Mr. Hicks testified that Mr. Walters, the alleged agent of defendant, was the superintendent of the defendant’s construction project and actively directed the contractor’s daily activities. The testimony shows that Walters told Hicks what to do, when to do it, and how it was to be done. In addition, Walters inspected Hicks’s progress and the quality of his work. Walters authorized progress payments and personally hand delivered these checks to Hicks. Under the standard of review noted above, we find no error in the trial court’s conclusion that Walters was the defendant’s agent.
As noted previously, the plaintiff’s basis for appealing the judgment of the trial court is premised on the contention that the plaintiff presented sufficient evidence to warrant a lien greater in value than that granted by the learned judge. The plaintiff, in essence, argues that when the defendant’s agent phoned the plaintiff and later presented the $2,500 check to the plaintiff, the defendant ostensibly agreed to pay Hicks’s entire indebtedness to the plaintiff. We do not agree.
*476 While there is no doubt that a mate-rialman’s lien based on a contract with the owner may arise by virtue of subsequent ratification of such a contract, Richardson v. Little, 209 Ala. 351, 96 So. 144 (1923), the materialman must factually establish such a contract with the owner. See, e. g., Sturdavant v. First Ave. Coal & Lumber Co., 219 Ala. 303, 122 So. 178 (1929); Thornton v. Vines, 213 Ala. 646, 106 So. 42 (1925).
As the record indicates, the court below was well within its fact-finding power to conclude that the parties had mutually agreed that the defendant would only be liable to the plaintiff for future deliveries. Specifically, we would note that our review of the record reveals it is possible to conclude, as the trial court apparently did, that the $2,500 payment was offered and paid to plaintiff as an inducement to ensure the continued delivery of materials to the defendant’s property, and was not, as the plaintiff contends, an assumption of the entire indebtedness owed plaintiff by Hicks. Because this court cannot substitute its judgment for that of the trier of fact, Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150 (1972), we find no error in the amount of the trial court’s award.
In view of the above, the judgment of the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.