EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an action to enforce a material-man’s lien.
Brewton Materials, the supplier, contended that they were entitled to have a materi-alman’s lien declared to exist against a house and lot of Mrs. Goss, the owner, for brick furnished by the supplier under an original express agreement with the owner, which brick were used in constructing the house for the owner. The owner contended that she orally contracted with W.D. Dickerson to build the house and to furnish all of the labor and materials utilized therein for a specific lump sum, that the brick supplier was only a subcontractor and that she had never made any agreement with the supplier to pay for the brick. After an ore tenus hearing, the trial court found in favor of the supplier, ascertained the amount due from the builder to the supplier, and established the materialman’s lien against the house and lot. The owner appeals.
Because of the specific issues which were raised and decided in the circuit court and which are here argued, the sole question *1086 presented for our decision is whether the supplier furnished the brick for constructing the house for the owner by virtue of a contract between the supplier and the owner. Asked differently, was the supplier an original contractor as to the sale of the brick to the owner? The recital of facts shall be restricted to that issue. While the evidence was in dispute in many respects, we shall only summarize that evidence which is consistent with the ore tenus presumption.
The president and general manager of the supplier testified that the owner called him during the week after Christmas in 1981, and told him" that, in the building of a house, she wanted to do business with the supplier and to deal with them on any material which they could furnish from their line of materials. On December 30, 1981, the owner came to the supplier’s place of business and, tentatively, selected an expensive brick which was beyond a brick “allowance” contained in the plans and specifications for the house. The owner stated that the cost of the brick did not really matter, that they would use what they wanted and she was going to pay the difference, that “whatever the brick cost, that is what she would pay.” Three or four days later, she again called and then stated that Dickerson would be doing the work for her. She requested that the bills for the brick be sent to Dickerson. The supplier thought that they were dealing directly with the owner and, for her convenience in keeping the bills together by coming to one source, they complied with her request and sent their bills to Dickerson. The manager of the supplier definitely stated that their original contract to furnish brick and material was directly with the owner.
Mr. Dickerson testified that he was only the head carpenter in building the house. He swore that he did not contract with anyone to construct the house and that he was not a contractor on that particular job. In particular, he stated that he had nothing to do with determining the source of the brick. The owner desired to purchase, and did select, the brick from this particular supplier for personal reasons. She also chose and traded with other materialmen and artisans to supply and install the air conditioning and heating system, the insulation and the cabinets. The only money which Dickerson retained for himself consisted of $10 per hour for those hours which he worked upon the house in his capacity as head carpenter.
The owner contradicted much of the above evidence.
We have diligently studied each case cited to us by learned counsel for the owner, but differences in fact render them uncon-trolling in this case.
After an ore tenus trial, where a materialman’s lien is sought to be enforced, the factual findings of the trial court will not be disturbed on appeal unless such findings are plainly and palpably wrong. Southern Sash of Huntsville, Inc. v. Jones, 286 Ala. 672, 245 So.2d 185 (1971). The trial court’s conclusions will be affirmed if there is evidence to sustain a finding of the actual existence of an oral contract between a supplier and an owner for the furnishing of materials for the construction of the owner’s building. John Lee Paint Co. v. Parktowne, Ltd., 367 So.2d 472 (Ala.Civ.App.), cert. denied, 367 So.2d 476 (Ala.1979).
Here, the trial evidence, though disputed in part, adequately supports a conclusion of the existence of such an original contract between the supplier and the owner. It also sustains a conclusion that the supplier was an original contractor as to the sale of the brick to. the owner, for that court could have held that Dickerson was not a contractor but was only the head carpenter; hence, the supplier could not have been Dickerson’s subcontractor. The circuit court was well within its factfinding power to so conclude. John Lee Paint Co. v. Parktowne, Ltd., supra.
The evidence conflicted as to whether or not the supplier and the owner contracted as to the sale of the brick. The trial court was in a unique position to resolve that conflict. While different judges might reach a different result on these facts, we *1087 are not allowed to substitute our judgment for that of the trial court, for we cannot say that the trial court was palpably wrong in its decision. Guarenire v. Bessemer Lumber Co., 214 Ala. 8, 106 So. 49 (1925).
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.