EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a materialman’s lien case.
Watters Distributing Company (the plaintiff) sued two minor children (the minors), along with others, to impose upon the minors’ real estate a materialman’s lien for $7,749.89 worth of building materials which were furnished by the plaintiff to Jones Waterproofing Company (the company), which is alleged to have been the contractor in remodeling a house located on the minors’ property. We gather that the company is a partnership and that Kenneth R. Jones, the father of the children (the father), is one of its partners.
A guardian ad litem was appointed to represent the minors. The guardian ad litem moved to dismiss the complaint, one of the grounds thereof being that the minors cannot contract so as to afford the necessary basis for the perfection or imposition of a materialman’s statutory lien upon the real estate of the minors. The trial court granted that motion to dismiss as to the minors on April 1, 1986, and the plaintiff gave notice of appeal on May 9, 1986. The case is still pending in the circuit court against the father and other defendants. On August 5, 1986, the trial *1337 court made its April 1, 1986, dismissal order final under Rule 54(b) of the Alabama Rules of Civil Procedure. That August 5, 1986, order was a nullity since it was entered after this appeal was taken. Foster v. Greer & Sons, Inc., 446 So.2d 605, 607 (Ala.1984). Upon the original submission of this appeal in March 1987, this court remanded the Rule 54(b) matter back to the trial court pursuant to the procedure so established by Foster, 446 So.2d at 609. Recently, the trial court again chose to re-certify its April 1, 1986, order as being final. This matter has now been re-submitted to us for our decision.
Through able counsel, the plaintiff argues that a father, being the guardian by nature of his minor children, may subject his minor children’s property under his control to a materialman’s lien for the purchase of building materials and to maintain and improve the minors’ property. We disagree.
“Since a binding contract, express or implied, to pay for improvements made on real property, or an effectual subsequent ratification of such a contract, is essential to the creation or to the existence of a mechanic’s or materialman’s lien (Code, § 4754 et seq.), it is well decided that a minor cannot so contract as to afford the necessary basis for the perfection or imposition of such statutory lien upon the minor’s real estate.” (Citations omitted.)
Richardson v. Little, 209 Ala. 351, 96 So. 144 (1923). For a more recent case that echoes the same legal principle, see Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970).
The plaintiff contends that under Wood v. Wood, 3 Ala. 756, 761 (1841), the father was the guardian by nature of the minors and was entitled to direct and control their property until they became of age. Subsequent to Wood, statutes were enacted concerning guardianships of minors and, as a consequence, it has been held for over a century that a father, as natural guardian of his infant child, has no authority over the estate or effects of the child. Nelson v. Goree’s Administrator, 34 Ala. 565, 581 (1859). Presently, before a parent can assume lawful control over the property of a minor, the parent must be appointed as the legal guardian of the minor. Pollard v. Pollard, 207 Ala. 270, 92 So. 488 (1922); § 26-4-1 et seq., Code 1975.
The father of these minors was not their lawful guardian, and he had no authority to subject their property to such a lien.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.